OPINION
{¶ 1} Plaintiff-appellant, Ronald L. Allen, appeals from a November 17, 2004 judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations. For the reasons that follow, we reverse the trial court's judgment and remand for further proceedings.
 {¶ 2} Appellant and Michqua M. Alcott Allen, defendant-appellee, were married in 1989; one child was born as issue of the marriage. The parties were divorced in August 1995, pursuant to a decree of divorce which incorporated the parties' separation agreement. The separation agreement required appellant to pay the property division through installments, the last of which was due on August 1, 1999. The separation agreement also required appellant, inter alia, to pay child support, the cost of child care expenses (to be paid directly to the provider), one-half of the child's extracurricular expenses, and all of the child's uninsured medical expenses in excess of the first $100 per year. Any party in default under the terms of the separation agreement was to pay the other party's attorney fees incurred in compelling compliance therewith. In September 1999, the trial court ordered retroactive reductions in appellant's child support obligations and ordered appellant to pay $1,000 for child care expenses for 1997, 1998, and 1999.
 {¶ 3} On September 1, 1999, appellee filed a contempt motion alleging that appellant failed to pay the property division as required under the separation agreement. Appellee filed another contempt motion on March 14, 2001, alleging that appellant failed to pay child support, failed to provide certain documents, and failed to promptly pay child care expenses and uninsured medical expenses.
 {¶ 4} The contempt motions were consolidated and heard before a magistrate on April 5, 2001. At the hearing, appellant claimed he overpaid his child support obligation to the child support enforcement agency ("CSEA") by $11,729.49 and was thus entitled to a set-off and could not be in contempt. Appellant did not produce any CSEA witnesses and did not present a certified audit of CSEA's records. The magistrate filed a decision on February 19, 2002, finding appellant in contempt for failure to pay uncovered medical expenses for three years, totaling $3,622.22, failure to pay child care expenses totaling $1,760, and failure to pay extracurricular expenses totaling $550. The magistrate further found that appellant was not entitled to a set-off due to his failure to produce evidence explaining the entries in CSEA's documents. The magistrate also found that appellee failed to show by a preponderance of the evidence that appellant failed to meet his total child support and property division payments and, as such, made no contempt finding on those issues. The magistrate also awarded appellee $2,900 in attorney fees pursuant to R.C. 3113.04(B). In sum, appellant was ordered to pay $8,832.22.
 {¶ 5} Appellant objected to the magistrate's decision on grounds that he had overpaid his child support obligation in an amount exceeding the amount ordered by the magistrate. At a June 12, 2002 hearing, the trial court permitted appellant to supplement the record by calling a witness from CSEA. On July 9, 2002, the trial court filed a decision sustaining appellant's objections. In particular, the court found that CSEA records demonstrated an overpayment of child support in the amount of $11,729.49. The court held that this amount could properly be used as credit against the amount the magistrate ordered appellant to pay appellee and, as such, appellant was not in contempt.
 {¶ 6} Appellee appealed the trial court's July 9, 2002 judgment to this court, arguing that the trial court erred in sustaining appellant's objections to the magistrate's decision and abused its discretion in finding that appellant was not in contempt. Acknowledging the CSEA witness' confirmation that CSEA records, as of May 31, 2002, showed a credit of $11,729.49, this court nonetheless questioned the reliability of the CSEA records as providing an accurate depiction of the amount of payments appellant made to CSEA. As such, this court found that the trial court abused its discretion in relying on those records to offset the magistrate's award of $8,832.22 without further inquiry into their accuracy. Accordingly, we concluded that the case should be remanded for further proceedings. Allen v. Allen, Franklin App. No. 02AP-768, 2003-Ohio-954, at ¶ 15.
 {¶ 7} In clarifying the issues for remand, this court noted that appellant had not contested the trial court's finding that appellee satisfied her initial burden of proving that appellant violated court orders by failing to pay the child's uncovered medical expenses for three years, various child care expenses, and his portion of the child's extracurricular expenses. Id. at ¶ 17. This court stated that the burden then shifted to appellant upon remand to establish his defense, by a preponderance of reliable evidence, that he overpaid child support and that such overpayment could be used to offset the contempt amounts ordered by the magistrate. Id. This court further stated that, because appellee did not object to or raise any assignment of error regarding the magistrate's refusal to make a finding of contempt as to property division or child support, the trial court's judgment adopting those portions of the magistrate's decision was final and could not be revisited upon remand. Id. at ¶ 18.
 {¶ 8} On June 12, 2002, and April 8, 2003, appellee filed motions alleging that appellant was in contempt for failure to pay child care expenses, extracurricular expenses, and uninsured medical expenses incurred since March 14, 2001, failure to provide proof of life insurance coverage, and failure to pay the property division as required under the separation agreement. On December 24, 2002, and April 24, 2003, appellant filed motions requesting a reduction in his life insurance obligation, modification of his health insurance obligation, and modification of his child care obligations.
 {¶ 9} On November 13, 2003, the magistrate heard the issues raised in the five motions filed by the parties subsequent to the previous hearing. On February 19, 2004, the magistrate heard the issues remanded from this court in our previous opinion. The magistrate filed a decision on April 26, 2004, addressing all the issues.
 {¶ 10} As to the remanded issues, the magistrate noted that appellant presented a CSEA representative who confirmed that CSEA records demonstrated an overpayment of child support in the amount of $11,660.57 as of January 31, 2004. Accordingly, the magistrate found that appellant established a defense to the contempt motions at issue by a preponderance of the evidence. The magistrate offset the amount of appellant's overpayment ($11,660.57) by the amount appellant owed appellee for the expenses previously proved and not contested ($5,932.22). The magistrate further found that, because appellant proved a defense to the contempts, the $2,900 attorney award was no longer appropriate. The magistrate concluded that appellant had a child support overpayment of $5,728.35 ($11,660.57 less $5,932.22).
 {¶ 11} The magistrate then separately addressed the issues raised in the parties' five new motions. Regarding appellee's contempt allegations as to child care expenses, the magistrate found that appellee established work-related child care expenses of $10,300.45 between March 14, 2001 and August 10, 2003. The magistrate further found that, of that total, $2,500 was incurred at Village Academy prior to March 14, 2001; thus, the magistrate deducted $2,500 from the $10,300.45, leaving a balance of $7,800.45. The magistrate further found that appellant owed both Village Academy and Learning Unlimited $2,120. After deducting the $4,240 total from the $7,800.45, the magistrate found that appellee was entitled to reimbursement from appellant in the amount of $3,560.45. The magistrate concluded that appellant's child support overpayment of $5,728.35 should be offset by the $3,560.45 owed to appellee, thereby reducing the balance of the overpayment to $2,167.90. The magistrate further found that, since the adjusted balance of the overpayment was not sufficient to meet the child care expenses owed to Village Academy and Learning Unlimited, appellant was in contempt for failure to pay those providers.
 {¶ 12} The magistrate further found that appellee paid $1,501.38 for prescription and optical expenses since March 14, 2001, including recently incurred expenses of $257.54 for which she had not been reimbursed. Accordingly, the magistrate found appellant in contempt for failure to reimburse appellee $943.84 ($1,501.38 less the recently submitted $257.54 less $300 [representing the first $100 per year to be paid by appellee]). However, the magistrate ordered appellant to purge the contempt by reimbursing appellee $1,201.38 ($943.84 plus $257.54) on grounds that it is appropriate to include the entire amount of the outstanding obligation in a purge order even if the entire amount was not the basis for the finding of contempt.
 {¶ 13} The magistrate rejected appellee's claim that appellant failed to pay uninsured medical expenses of $5,573.47 incurred after March 14, 2001. Accordingly, the magistrate made no contempt finding on this issue.
 {¶ 14} The magistrate also found that appellee paid extracurricular activity expenses of $4,331 since March 14, 2001, and that appellant's portion amounted to $2,165.50. Accordingly, the magistrate deducted the $2,165.50 from the $2,167.90 balance of his child support overpayment, leaving a balance of $2.40. The magistrate concluded that, since the overpayment satisfied appellee's entire liability for extracurricular expenses for the relevant period, no finding of contempt was warranted.
 {¶ 15} Concerning property division payments, the magistrate found that appellant testified, and appellee confirmed, that he owed $2,000 pursuant to the terms of the agreement. Accordingly, after applying the $2.40 balance from his child support overpayment, the magistrate found appellant in contempt for failure to pay $1,997.60 of the principal amount of the property division.
 {¶ 16} The magistrate also concluded that appellee failed to meet her burden of proof on the issue of appellant's alleged contempt for failure to provide her a copy of his life insurance policy and denied appellant's motions to modify his life insurance, medical insurance, and child care obligations. Finally, based upon the contempt findings noted above, the magistrate awarded appellee $3,100 in attorney fees.
 {¶ 17} Pursuant to the foregoing findings, the magistrate ordered appellant's child support account balance decreased by the lump sum of $11,660.57 as of January 31, 2004, as a result of the offset of appellant's unpaid obligations for medical, child care, and extracurricular activity expenses incurred before March 14, 2001, for prescription and optical expenses and child care expenses incurred after March 14, 2001, and for a portion of unpaid property division payments. Pursuant to the aforementioned contempt findings, the magistrate ordered appellant to serve three days in jail; however, the magistrate resolved that appellant could purge himself of contempt and avoid incarceration by paying appellee the sum of $6,298.98 on or before May 17, 2004, representing $1,201.39 for unreimbursed prescription and optical expenses, $1,997.60 in unpaid property division payments (not including interest) and $3,100 in attorney fees. As an additional condition of the purge order, the magistrate ordered appellant to pay, not later than June 15, 2004, $2,500 to both Village Academy and Learning Unlimited via lump sum or a mutually acceptable payment arrangement.
 {¶ 18} Appellant filed four objections to the magistrate's decision, contending that: (1) the magistrate erred in denying his motion to modify his medical insurance obligation; (2) the magistrate erred in denying his motion to modify his child care obligation; (3) the magistrate erred in finding him in contempt on the post-March 14, 2001 motions, as those findings were against the manifest weight of the evidence; and (4) the magistrate erred in finding him in contempt because his child support overpayment satisfied his outstanding obligations.
 {¶ 19} The court heard appellant's objections on September 29, 2004. By judgment entry filed November 17, 2004, the trial court overruled all four of appellant's objections and adopted the magistrate's decision. Appellant timely appeals the judgment, setting forth a single assignment of error, as follows:
THE TRIAL COURT ABUSED ITS DISCRETION IN MAKING A FINDING THAT IN EFFECT THE APPELLANT WAS IN CONTEMPT FOR VIOLATING COURT ORDERS REGARDING PAYMENT OF DAYCARE EXPENSES, EXTRACURRICULAR ACTIVITIES, MEDICAL EXPENSE AND PROPERTY DIVISION PAYMENTS WHEN THE APPELLANT HAD OVERPAID HIS CHILD SUPPORT OBLIGATION BY $11,660.57.
 {¶ 20} Initially, we note that appellee has failed to file an appellate brief in this matter. Accordingly, pursuant to App.R. 18(C), this court may accept appellant's statement of the facts and issues as presented in his brief as correct and reverse the trial court's judgment if appellant's brief reasonably appears to sustain such action.
 {¶ 21} Appellant contends that the trial court abused its discretion in finding him in contempt for failure to pay child care expenses, extracurricular activity expenses, medical expenses and property division payments. In a civil contempt proceeding, the movant bears the initial burden of proving by clear and convincing evidence that the other party violated a court order. Carroll v. Detty (1996), 113 Ohio App.3d 708,711. "Clear and convincing evidence" is a degree of proof which is more than a mere preponderance of the evidence, but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases.State v. Schiebel (1990), 55 Ohio St.3d 71, 74. "Clear and convincing evidence" is that which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. Id.
 {¶ 22} A trial court's finding of civil contempt will not be reversed absent an abuse of discretion. Carroll, supra. To find an abuse of discretion, an appellate court must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
 {¶ 23} Appellant first contends the trial court abused its discretion in finding him in contempt for failure to pay the property division. We agree. That issue was resolved by this court in our previous opinion. As noted therein, appellee's failure to contest the portion of the trial court's July 9, 2002 judgment related to the property division rendered that portion of the judgment final. Accordingly, the trial court abused its discretion in finding appellant in contempt for failure to pay a portion of the property division.
 {¶ 24} Appellant next contends the trial court erred in finding him in contempt for failure to pay child care expenses. Our review of the record raises several concerns about the magistrate's calculations. As noted previously, the magistrate found that appellee established work-related child care expenses of $10,300.45 from March 14, 2001 to August 10, 2003. This finding does not comport with appellee's testimony that child care expenses incurred during the relevant period totaled $10,345. From the $10,300.45 total, the magistrate deducted $2,500, representing child care expenses incurred at Village Academy prior to March 14, 2001. That deduction appears to be correct. The magistrate applied the $2,500 deduction, leaving a balance of $7,800.45. The magistrate then determined that appellant owed both Village Academy and Learning Unlimited $2,120. The $2,120 outstanding debt to Village Academy is supported by Exhibit 4, which delineates a $680 charge for child care during the 2001-2002 academic year and a $1,440 charge for ten weeks of summer 2002 child care. The magistrate's finding as to appellant's $2,120 indebtedness to Learning Unlimited appears to have been taken from Exhibit 5, which purports to be a bill from Learning Unlimited setting forth charges identical to those set forth in Exhibit 4. However, Exhibit 5 was not admitted into evidence. A reviewing court may not consider an exhibit unless the record demonstrates that the exhibit was formally admitted into evidence. Cardone v. Cardone (May 6, 1998), Summit App. No. 18349, citing State v. Ishmail (1978), 54 Ohio St.2d 402, paragraph one of the syllabus. Further, assuming arguendo that Exhibit 5 was properly admitted, appellee testified that Exhibit 5 was "just another copy of the same bill from number four." (Tr. at 21.) Thus, the evidence does not appear to support the magistrate's finding that appellant owes Learning Unlimited $2,120. We further note that the magistrate's purge order directs appellant to pay both Village Academy and Learning Unlimited $2,500 without explaining why the purge amount differs from the amount set forth in the findings.
 {¶ 25} From the $7,800.45 balance, the magistrate subtracted $4,240, the amount purportedly owed to Village Academy and Learning Unlimited. That reduction left a balance of $3,560.45 to be reimbursed to appellee. The exhibits submitted by appellee regarding unreimbursed child care expenditures establish only that appellee paid $600 to a private babysitter in April 2001 (Exhibit 1) and $385 for after school care from August 15 through December 20, 2002 (Exhibit 3). The remaining exhibits (Exhibits 2 and 6) establish only that appellee employed two private babysitters for the two and one-half years preceding the November 2003 hearing. However, neither exhibit includes any costs associated with this child care. Further, appellee testified that she paid the babysitters in cash and did not have receipts to substantiate those cash payments. Accordingly, the evidence does not appear to support the magistrate's finding that appellant owes appellee $3,560.45 in unreimbursed child care expenses.
 {¶ 26} Our inability to reconcile the evidence with the magistrate's calculations undermines our confidence in the accuracy of the magistrate's findings and requires a remand to explain the noted inconsistencies.
 {¶ 27} Appellant also contends in his statement of the assignment of error that the trial court abused its discretion in finding him in contempt for failure to pay extracurricular activity expenses. As noted previously, no finding of contempt was made on this issue. However, to the extent appellant's assertion can be interpreted as a challenge to the finding that appellee was entitled to reimbursement from appellant in the amount of $2,165.50 and the subsequent offset of that amount from appellant's child support overpayment, we note that appellant has failed to support any such contention with an argument as required by App.R. 16(A)(7). It is not the duty of a reviewing court to develop an argument in support of an assignment of error. Cardone, supra. An appellate court need not guess at undeveloped claims on appeal. See McPherson v. GoodyearTire Rubber Co., Summit App. No. 21499, 2003-Ohio-7190, at ¶ 31.
 {¶ 28} Appellant also contends the trial court erred in finding him in contempt for non-payment of uninsured medical bills, arguing that appellee's evidence was insufficient to support such a finding. As noted previously, the magistrate made no contempt finding on this issue; accordingly, appellant's contention is without merit.
 {¶ 29} Finally, appellant challenges the magistrate's award of attorney fees. Appellant appears to concede his failure to reimburse appellee $943.84 for prescription and optical expenses. Appellant contends the trial court's $3,100 attorney fee award on a $943.84 contempt was unreasonable.
 {¶ 30} In this case, the magistrate found that appellant established an overpayment of child support in the amount of $11,660.57. Appellee has not contested this finding. The overpayment was decreased as a result of the offset of appellant's unpaid obligations for medical, child care and extracurricular activity expenses incurred prior to March 14, 2001. The remaining balance was then reduced to zero as a result of the offset of appellant's unpaid obligations for child care expenses and extracurricular activity expenses incurred after March 14, 2001, and for a portion of unpaid property division payments. However, our determination that the magistrate erred in including in the offset the unpaid property division and in calculating the amount of unpaid child care expenses incurred after March 14, 2001, renders the amount of the offset invalid. Accordingly, upon remand, the trial court must recalculate the amount of the offset, excluding the $2,000 property division allocation and utilizing accurate figures for the child care expense allocation. As appellant has failed to contest the magistrate's findings regarding unreimbursed extracurricular activity, and prescription and optical expenses, the trial court's judgment adopting that portion of the magistrate's decision is final and cannot be revisited upon remand. If the court's recalculation of the offset exhausts the balance of appellant's child support overpayment such that a contempt finding is warranted, the court may, in its discretion, award reasonable attorney fees for any such contempt. See Mencini v. Mencini, Cuyahoga App. No. 83638, 2004-Ohio-3125, at ¶ 20.
 {¶ 31} For the foregoing reasons, appellant's assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations is reversed, and this matter is remanded to that court for further proceedings in accordance with law, consistent with this opinion.
Judgment reversed and cause remanded.
BRYANT and SADLER, JJ., concur.
McCORMAC, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.