OPINION
{¶ 1} Scott L. Hibbs, plaintiff-appellant, appeals, pro se, from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, in which the court overruled appellant's objections to a magistrate's decision finding him in contempt of court for failing to comply with the court's temporary order. Valerie Hibbs, defendant-appellee, has not filed an appellate brief.
 {¶ 2} Appellant and appellee were married on April 22, 1989. Three children were born as issue of the marriage: Alec, born November 16, 1989; Madelyn, born April 28, *Page 2 
2001; and Noah, born November 1, 2002. Appellant is self-employed and ran his automobile detailing business from the marital home. Appellant filed a complaint for divorce on January 31, 2007. Both parties filed affidavits in support of temporary orders. Based upon the affidavits submitted by the parties, the magistrate issued a temporary order on April 11, 2007, with an effective date of February 1, 2007. In the temporary order, appellee was designated temporary residential parent and legal custodian of the minor children; appellant was granted parenting time pursuant to Loc. R. 27; appellant was ordered to pay child support of $2,089.93 per month, plus processing charge; and appellant was ordered to pay the mortgage and associated costs on the marital home.
 {¶ 3} On May 8, 2007, appellee filed a motion to show cause and for attorney fees based upon appellant's failure to pay child support and to pay the mortgage and expenses relating to the marital home. On July 12, 2007, appellant filed a request for a Civ. R. 75 oral hearing, seeking to submit evidence demonstrating his actual income, which he claimed was much less than what appellee had indicated in her affidavit.
 {¶ 4} On August 1, 2007, the magistrate held a hearing on appellee's motion to show cause. On August 28, 2007, the magistrate filed a decision, in which the magistrate found appellant in contempt of the temporary order for failing to make any payments toward child support or the mortgage and associated expenses on the marital residence. The magistrate sentenced appellant to seven days in jail, suspended on the condition that he purge his contempt by liquidating his child support arrearages, by bringing all mortgage payments current, and by reimbursing appellee for any payments she had made toward the mortgage. The magistrate also ordered appellant to pay appellee $1,500 toward her attorney fees. On September 12, 2007, appellee filed a motion to *Page 3 
enforce sentence. On September 13, 2007, appellant filed objections to the magistrate's decision.
 {¶ 5} On January 30, 2008, the trial court issued a decision, overruling appellant's objections and finding appellant in contempt of the magistrate's temporary order for failure to make payments for his child support obligation and expenses toward the marital residence. Appellant appeals the judgment of the trial court, asserting the following assignments of error:
 1. The trial court erred as a matter of law in calculating child support.
 A. The trial court abused it[s] discretion in finding Appellant in contempt.
 2. The trial court erred in not finding the temporary orders were unlawful.
 3. The trial court erred in not finding appellee had unclean hands.
 4. The trial court erred as a matter of law finding Appellant in contempt.
 5. The trial court abused it[s] discretion by ordering an unreasonable purge order.
 {¶ 6} We first address appellant's first, second, and third assignments of error, as they are all related. Appellant's first, second, and third assignments of error all relate to the correctness of the trial court's April 11, 2007 temporary order. All three assignments of error contest the temporary order directing appellant to pay spousal support, child support, and the mortgage and associated expenses on the marital residence. However, the validity of the temporary order is not the subject of this appeal. Temporary support orders are subject to modification at any time and, as such, are generally not final, *Page 4 
appealable orders within the jurisdiction of this court. See Kelm v.Kelm (1994), 93 Ohio App.3d 686, 689. Accordingly, the validity of the temporary order underlying the contempt proceeding is not a proper subject for this court's review. See Wise v. Wise (Apr. 14, 1999), Summit App. No. 19167, citing McCreery v. McCreery (Jan. 22, 1998), Tuscarawas App. No. 97AP020012. Therefore, we must overrule appellant's first, second, and third assignments of error.
 {¶ 7} Appellant argues in his fourth assignment of error that the trial court erred as a matter of law in finding appellant in contempt because he was unable to comply with the temporary order. "Contempt of court is defined as disobedience of an order of a court. It is conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions." Windham Bank v. Tomaszczyk (1971), 27 Ohio St.2d 55, paragraph one of the syllabus. To support a contempt finding, the moving party must establish, by clear and convincing evidence, the existence of a valid court order, that the offending party had knowledge of the order, and that the offending party violated such order. Arthur Young Co. v. Kelly (1990), 68 Ohio App.3d 287, 295. Clear and convincing evidence is that which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established.Allen v. Allen, Franklin App. No. 04AP-1341, 2005-Ohio-5993, at ¶ 21.
 {¶ 8} In reviewing a trial court's decision concerning a finding of contempt, an appellate court will not reverse such a finding absent an abuse of discretion. See Willis v. Willis, 149 Ohio App.3d 50,2002-Ohio-3716, at ¶ 59. An abuse of discretion means more than an error of law or judgment. Instead, it means that the court's attitude was *Page 5 
unreasonable, unconscionable, or arbitrary. Rock v. Cabral (1993),67 Ohio St.3d 108, 112.
 {¶ 9} However, contempt can only occur where the contemnor has the power to perform the act listed in the court order but fails to do so.Wilson v. Columbia Cas. Co. (1928), 118 Ohio St. 319, 328-329. Thus, an inability to pay an order is a valid defense in a contempt proceeding.Courtney v. Courtney (1984), 16 Ohio App.3d 329, 334. The party who failed to comply with the court order to pay support bears the burden of proving an inability to pay. Pugh v. Pugh (1984), 15 Ohio St.3d 136,140. In the case at bar, the trial court issued a valid temporary order. Pursuant to the April 11, 2007 temporary order, appellant was ordered to pay spousal support, child support, and the mortgage and associated expenses on the marital residence. The magistrate found appellant failed to make any payments pursuant to this order, and appellant does not contest such herein on appeal. Rather, appellant's sole contention under this assignment of error is that the trial court erred when it failed to find that he was unable to comply with the order.
 {¶ 10} In the temporary orders, the trial court ordered appellant to pay child support of $2,131.73 per month, inclusive of processing charge, as well as the mortgage payment, home insurance, and real estate taxes on the marital home. Although the specific amounts are not fully appreciable from the record, various court decisions, or transcript, the mortgage payment was $1,684.07 per month; home insurance was approximately $63 per month; and real estate taxes were approximately $285 per month. Appellant also notes that, because the temporary order was retroactive to February 1, 2007, he was already in arrears two and one-half months the day the temporary order was issued. *Page 6 
 {¶ 11} Appellant claims he was unable to make any payments pursuant to the temporary order because his income decreased after the divorce action commenced as a result of appellee's refusal to give him access to his business documents and his business computer. Appellant argues that his income was less than $2,000 per month, while he was being ordered to pay over $4,000 per month pursuant to the temporary orders. At the contempt hearing, appellant testified that he first paid for his business car and business expenses with the money he earned so that he could maintain the business and earn an income so that he could pay the court ordered amounts. The trial court rejected appellant's contention that he did not have enough money to pay both the temporary orders and his personal and business expenses. The trial court's contempt finding was based largely on its conclusion that appellant should have used his available income to pay the expenses ordered in the temporary order instead of using the income to pay his various other expenses.
 {¶ 12} Appellant contends that, in finding he spent his money on "discretionary" and "superfluous" items instead of paying the court ordered expenses, the trial court erroneously cited 15 expenses he incurred between August 23, 2007 and November 16, 2007, which were incurred after the magistrate's hearing and during a period in which he was in substantial compliance with his child support obligation. Thus, appellant contends these examples could not constitute evidence that he was expending these monies "in lieu of" his obligations toward the marital residence and/or child support because he was, in fact, paying some child support during this time and, regardless, the cited expenses were incurred outside of the relevant period of contempt. *Page 7 
 {¶ 13} Appellant is correct that the trial court cited expenditures between August 23, 2007 and November 16, 2007 to support its contempt finding. We are troubled by the trial court's reliance upon these expenditures to support its finding that appellant had not proved his inability to pay the court ordered expenses for the period reviewed by the magistrate, February 1, 2007 to August 1, 2007. It is not apparent from the trial court's decision why it chose to use examples from the August 23, 2007 to November 16, 2007 period, instead of citing examples from the relevant period of contempt reviewed by the magistrate. This is especially perplexing when the trial court noted in a footnote that there were numerous "similar" purchases made prior to the temporary order hearing. However, the trial court did not cite or analyze any of these purchases made during the period of contempt under review by the magistrate. The trial court's methodology is particularly important because the court also made the statement that, with regard to the period from August 2007 to November 2007, these superfluous expenses appeared to be more important to appellant than "at the very least attempting to comply with" the court order. However, during the period from August 29, 2007 until December 24, 2007, appellant made child support payments of $550, $764.75, $766, $766, and $766. Furthermore, with regard to appellant's argument that some expenditures were necessary in order to maintain business relationships with clients, the trial court stated that the expenditures from August 2007 to November 2007 were made "in lieu of any payments toward Plaintiff's obligations toward the marital residence and/or child support[.]" (Emphasis sic.) Again, appellant did make five child support payments during this period. Because the trial court found appellant in contempt based upon activities that occurred from August *Page 8 
2007 to November 2007, and because these findings were not accurate, we find the trial court erred in this respect.
 {¶ 14} Furthermore, appellant argued before both the magistrate and the trial court that his business income diminished greatly after he vacated the marital residence on January 1, 2007, because appellee refused to provide him with various business related items, including a computer, records, and materials, necessary for him to run his business. Although the trial court mentioned this argument in its judgment, there was no analysis of this claim. The only portion of the trial court's discussion of this matter that could be construed as an analysis was its statement that the parties entered into an agreed magistrate's order on August 1, 2007, in which it was agreed that appellant's attorney would retrieve the computer and business records from the marital home the following day. The trial court also noted that appellant testified the computer hard drive had been destroyed when it was returned, and appellee testified that their son may have damaged the hard drive. However, the trial court failed to address the period from January 2007 until August 2007, which was the period appellant claimed appellee would not allow him to retrieve the computer and records, thereby causing his business to suffer greatly. Again, although the trial court acknowledged the parties' arguments and testimony on this issue, it did not address whether appellee's actions contributed to appellant's inability to run his business from January 2007 until August 2007, and to earn sufficient income to pay the amounts ordered by the temporary order. The trial court's failure to address this issue was prejudicial, as this was one of appellant's main contentions supporting his claim of inability to comply. The trial's court failure to address *Page 9 
appellant's objection, in this respect, was error. Given the two above errors, we must remand the matter for reconsideration of appellant's ability to pay the temporary orders.
 {¶ 15} We also note that appellant has filed a request for a Civ. R. 75 oral hearing to contest the temporary orders, retroactive to the motion for temporary orders. This court is aware that Civ. R. 75(N)(2) provides that "[a] request for oral hearing shall not suspend or delay the commencement of spousal support or other support payments previously ordered or change the allocation of parental rights and responsibilities until the order is modified by journal entry after the oral hearing." However, a Civ. R. 75 hearing would clarify and settle many of these issues. Appellant's fourth assignment of error is sustained.
 {¶ 16} As for appellant's fifth assignment of error, he argues that the trial court abused its discretion by ordering an unreasonable purge order. Given our disposition of appellant's fourth assignment of error and our remand order, appellant's fifth assignment of error is rendered moot.
 {¶ 17} Accordingly, appellant's first, second, and third assignments of error are overruled, appellant's fourth assignment of error is sustained, appellant's fifth assignment is moot, and the trial court's decision is reversed insofar as the finding regarding appellant's inability to pay pursuant to the temporary orders. This matter is remanded to the Franklin County Court of Common Pleas, Division of Domestic Relations, to reconsider appellant's inability to pay the temporary orders and any resulting purge order. The trial court may accept additional briefing and additional evidence at its discretion.
Judgment affirmed in part and reversed in part; cause remanded.
 KLATT and KLINE, JJ., concur. *Page 10 
KLINE, J., of the Fourth Appellate District, sitting by assignment in the Tenth Appellate District. *Page 1