[Cite as *Meisner v. Walker*, 2016-Ohio-215.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Gregory Meisner, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 15AP-671 |
| v. | : | ( C.P.C. No. 14JU-04-4497) |
| Juliet Walker, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

## D E C I S I O N

### Rendered on January 21, 2016

*Dennis E. Horvath*, for appellee.

*Taft Stettinius & Hollister LLP, Eugene B. Lewis* and *Jessica A. Mager*, for appellant.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch

DORRIAN, P.J.

{¶ 1} Defendant-appellant, Juliet Walker ("Walker"), appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, denying her objections to a magistrate's decision. For the reasons that follow, we reverse.

{¶ 2} Walker and plaintiff-appellee, Gregory Meisner ("Meisner"), are the parents of two minor children. On April 2, 2014, Meisner filed a complaint requesting that he be named the permanent and temporary residential parent and legal custodian of the minor children. In the alternative, Meisner sought an order for permanent and temporary shared parenting. Meisner also sought an order requiring Walker to pay child support and other relief. On the same day that he filed his complaint, Meisner filed a motion for temporary orders allocating parental rights and responsibilities with respect to the

children. Walker filed an answer requesting that she be named the temporary and permanent legal custodian of the children and that Meisner be ordered to pay child support. Walker also filed a motion for temporary orders allocating parental rights and responsibilities, including parenting time and the payment of child support and other expenses. In May 2014, Meisner filed a motion for shared parenting and a proposed shared-parenting plan. Walker filed multiple motions to compel discovery, including a motion for an order compelling Meisner to permit a real estate appraiser to inspect his home and assess its value.

{¶ 3} On July 21, 2014, the magistrate issued a temporary order ("July 2014 temporary order") providing that Meisner and Walker were both designated as the temporary residential parents and legal custodians of the children. The July 2014 temporary order also set forth a temporary parenting time schedule designating when Meisner would exercise parenting time. It provided that neither party would pay child support, that Meisner would maintain medical insurance for the children, and that both parties would equally pay extraordinary health care expenses for the children. Walker filed objections to the July 2014 temporary order, asserting that there was no evidence to support the parenting time order and that Meisner should be ordered to pay child support. The magistrate issued an amended decision and temporary order on December 19, 2014 ("December 2014 amended temporary order"), denying Walker's motion to compel an inspection of Meisner's home and amending the parenting time schedule set forth in the July 2014 temporary order. Walker then filed objections to the December 2014 amended temporary order, asserting that the magistrate erred by not including the rental value of Meisner's home in the calculation of his income and by relying on statutory child-support deviation factors. On April 6, 2015, the magistrate issued a second amended decision and temporary order ("April 2015 amended temporary order"), providing that neither party would pay child support to the other parent. Walker filed objections to the April 2015 amended temporary order, again asserting that the magistrate erred by not including the rental value of Meisner's home in the calculation of his income and that the magistrate's findings regarding Meisner's contributions to the care of the children were not supported by the record.

{¶ 4} The trial court issued a decision on June 12, 2015 ruling on Walker's objections to the magistrate's order. The trial court denied Walker's motion to compel an inspection of Meisner's home. The trial court also denied Walker's objections to the parenting-time provisions of the temporary orders and the denial of child-support payments to Walker. Further, the trial court adopted Meisner's proposed shared-parenting plan.

{¶ 5} Appellant appeals from the trial court's order, assigning three errors for this court's review:

> 1. The Juvenile Court erred to the prejudice of Defendant when it approved and adopted Plaintiff's shared parenting plan.
>
> 2. The Juvenile Court erred to the prejudice of Defendant when it denied and dismissed her claim for child support.
>
> 3. The Juvenile Court erred to the prejudice of Defendant when it denied her motion to compel Plaintiff to permit an inspection of his free house to determine its rental and sales value for child support.

{¶ 6} We begin by addressing the issue of this court's jurisdiction because Meisner argues that the appeal must be dismissed for lack of a final, appealable order.

{¶ 7} This court has jurisdiction to review final orders of lower courts. Ohio Constitution, Article IV, Section 3(B)(2). An order is final and appealable if it meets the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B). *Eng. Excellence, Inc. v. Northland Assoc., L.L.C.*, 10th Dist. No. 10AP-402, 2010-Ohio-6535, ¶ 10. Appellate courts use a two-step analysis to determine whether an order is final and appealable. First, the court determines if the order is final pursuant to R.C. 2505.02. Second, the court determines whether Civ.R. 54(B) applies and, if so, whether the order contains a certification that there is no just reason for delay. *Id.*

{¶ 8} This court has previously held that temporary child-support orders ordinarily are not final, appealable orders. *See Hibbs v. Hibbs*, 10th Dist. No. 08AP-93, 2008-Ohio-5621, ¶ 6; *Kelm v. Kelm*, 93 Ohio App.3d 686, 689 (10th Dist.1994). "Because a temporary support order is provisional in nature, subject to modification at any time, it does not determine the ultimate rights of the parties involved." *Kelm* at 689. In this case,

the July 2014 temporary order provided that neither party would pay child support. The magistrate considered this issue a second time in the April 2015 amended temporary order and again ruled that neither party would be required to pay child support. To the extent the trial court adopted the magistrate's temporary orders by denying Walker's objections, the trial court's order was not final and appealable with respect to child support. Accordingly, Walker's second assignment of error is moot, and we decline to address it.

{¶ 9} Similarly, discovery orders are generally not final, appealable orders. *Randall v. Cantwell Mach. Co.*, 10th Dist. No. 12AP-786, 2013-Ohio-2744, ¶ 6. *See also Curtis v. Adult Parole Auth.*, 10th Dist. No. 04AP-1214, 2005-Ohio-4781, ¶ 12 ("Discovery orders are generally interlocutory and, as such, are neither final nor appealable, especially those that deny discovery."). *Compare Autumn Health Care of Zanesville, LLC v. DeWine*, 10th Dist. No. 14AP-593, 2015-Ohio-2655, ¶ 6 (noting that discovery orders requiring a party to produce privileged or confidential information are final and appealable). The December 2014 amended temporary order denied Walker's motion to compel an inspection of Meisner's home, and this ruling remained consistent in the April 2015 amended temporary order. To the extent the trial court adopted the magistrate's temporary orders by denying Walker's objections, the trial court's order was not final and appealable with respect to the denial of Walker's motion to compel an inspection of Meisner's home. Accordingly, Walker's third assignment of error is moot, and we decline to address it.

{¶ 10} Walker's first assignment of error asserts that the trial court erred by adopting Meisner's shared-parenting plan. Although the July 2014 temporary order set forth a shared-parenting schedule, it does not appear that any of the magistrate's temporary orders formally adopted Meisner's proposed shared-parenting plan. Thus, the trial court appears to have gone beyond the temporary orders by adopting Meisner's shared-parenting plan, and it is necessary to consider whether the trial court's order is final and appealable with respect to adoption of the shared-parenting plan.

{¶ 11} R.C. 3109.04(D)(1)(d) states that "[n]o provisional shared-parenting decree shall be issued in relation to any shared-parenting plan approved under [R.C. 3109.04(D)(1)(a)(i)-(iii)]." The statute further provides that "[a] final shared-parenting

decree issued under this division has immediate effect as a final decree on the date of its issuance, subject to modification or termination as authorized by this section." R.C. 3109.04(D)(1)(d). Thus, to the extent the trial court order adopted Meisner's proposed shared-parenting plan, it constituted a final order. *See Riley v. Riley*, 11th Dist. No. 2004-Ohio-5302, ¶ 17 ("R.C. 3109.04(D)(1)(d) provides that no provisional shared-parenting decree may be issued in relation to any shared-parenting plan filed with a final divorce decree. Thus, any shared-parenting decree incorporated into the final divorce decree is a final, appealable order."); *Lepore v. Breidenbach*, 1st Dist. No. C-140310, 2015-Ohio-2929, ¶ 19 ("Both the decree of legal separation and the decree of shared-parenting were final, appealable orders."). Although the trial court order lacked "no just reason for delay" language pursuant to Civ.R. 54(B), the Supreme Court of Ohio has held that "the absence of Civ.R. 54(B) language will not render an otherwise final order not final." *General Acc. Ins. Co. v. Ins. Co. of N. America*, 44 Ohio St.3d 17, 21 (1989). Accordingly, to the extent the trial court order imposed a shared-parenting plan, it was a final, appealable order.

{¶ 12} Having concluded that the trial court's order constitutes a final, appealable order with respect to the shared-parenting order, we turn to Walker's first assignment of error in which she asserts that the trial court erred by adopting that plan. We review a trial court's decision to adopt a shared-parenting plan for abuse of discretion. *Wolf-Sabatino v. Sabatino*, 10th Dist. No. 10AP-1161, 2011-Ohio-6819, ¶ 78; *Graham v. Harrison*, 10th Dist. No. 08AP-1073, 2009-Ohio-4650, ¶ 12. An abuse of discretion occurs where the trial court's attitude is "unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 13} Pursuant to R.C. 3109.04(G), either parent or both parents may request shared parenting and file a shared-parenting plan for the exercise of shared parenting. R.C. 3109.04(D) sets forth the procedures to be used by the court in awarding shared parenting. Although those statutory provisions do not expressly refer to conducting a hearing, this court has previously held that, when the custody of children is disputed, evidence must be taken, and if testimony is taken it must be sworn. *Wolf-Sabatino* at ¶ 82. *See also Kelm v. Kelm*, 10th Dist. No. 03AP-472, 2004-Ohio-1004, ¶ 15-18 (holding that trial court abused its discretion by effectively terminating shared-parenting plan without conducting an evidentiary hearing on motion to modify or terminate shared-

parenting plan). In this case, Meisner and Walker each requested to be named the legal custodian of the children, thus establishing that custody was disputed. Under these circumstances, the trial court abused its discretion by adopting Meisner's proposed shared-parenting plan without conducting a hearing.

{¶ 14} Accordingly, we sustain Walker's first assignment of error.

{¶ 15} For the foregoing reasons, we sustain Walker's first assignment of error and decline to address her second and third assignments of error as moot. The judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, is reversed, and this cause is remanded to that court for further proceedings in accordance with law and consistent with this decision.

*Judgment reversed; cause remanded.*

TYACK and HORTON, JJ., concur.

_____