[Cite as *In re C.J.*, 2019-Ohio-1863.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| In the Matter of: | : | |
| | | No. 18AP-862 |
| C.J., Jr., | : | (C.P.C. No. 15JU-232) |
| [B.M.F. | : | (ACCELERATED CALENDAR) |
| Appellant]. | : | |

---

## D E C I S I O N

### Rendered on May 14, 2019

**On brief**: *Anzelmo Law*, and *James A. Anzelmo*, for C.J., Jr.

**On brief**: *Coldwater Institute*, and *Aditya Dynar*; *Wegman, Hessler & Vanderburg*, and *Christopher A. Holecek*, for B.M.F. **Argued**: *Aditya Dynar*.

**On brief**: *Pacific Legal Foundation*, and *Oliver J. Dunford*, for S.B. and N.B.

**On brief**: *Bricker & Eckler, LLP*, and *Jennifer A. Flint*; *Thomas L. Murphy*, pro hac vice, for Gila River Indian Community. **Argued**: *Thomas L. Murphy*.

**On Brief**: *Yeura R. Venters*, Public Defender, and *Timothy E. Pierce*, for father. **Argued**: *Timothy E. Pierce*.

---

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch

BROWN, J.

{¶ 1} B.M.F., appellant and guardian ad litem ("GAL") in this case, appeals the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, in which the court denied the GAL's objections to the magistrate's

decision that granted the motion of Gila River Indian Community ("GRIC") to remove the GAL. GRIC has filed a motion to dismiss the appeal because the order appealed from is not a final appealable order.

{¶ 2}   The following facts are taken from our factual and procedural background in our decision in *In re C.J.*, 10th Dist. No. 16AP-891, 2018-Ohio-931. On January 8, 2015, Franklin County Children Services ("FCCS"), filed a complaint in case No. 15JU-232 alleging that a child, C.J., Jr., was a neglected, abused, and dependent child. B.M.F. was appointed the GAL. The GAL recommended temporary custody be granted to FCCS. The child was placed in the home of foster parents N.B. and S.B.

{¶ 3}   Pursuant to Ohio Adm.Code 5101:2-53-03, the Indian Child Welfare Act ("ICWA"), father informed FCCS he may have Pima Native American Heritage. Permanent Family Solutions Network ("PFSN"), an agency contracted by FCCS, was unable to locate a Pima tribe and sent notice of the proceedings to the Bureau of Indian Affairs ("BIA") and the United States Department of the Interior Midwest Regional Office ("Interior"), as required by the ICWA. The notice erroneously listed the mother as the parent with Indian heritage, although the information contained therein was provided by father. Service was perfected on the BIA and the Interior. The Interior responded to PFSN that the notice of proceedings was insufficient and requested further information, but PFSN took no further action.

{¶ 4}   On March 27, 2015, the GAL recommended a temporary court commitment ("TCC") to FCCS. The parents had not remedied their original problems but maintained visitation with the child. On May 5, 2016, FCCS filed a motion for permanent court commitment ("PCC"), and the GAL filed a report recommending PCC.

{¶ 5}   Mother contacted GRIC regarding the pending PCC, and GRIC entered the case in July 2016 asserting father was an enrolled member of that community located in Arizona. FCCS served GRIC with the motion for PCC on July 11, 2016.

{¶ 6}   On July 19, 2016, the GAL moved to terminate TCC to FCCS and to grant legal custody to the foster parents. GRIC filed a motion to intervene on July 22, 2016, and a motion for a change of jurisdiction to the GRIC children's court in Arizona ("tribal court") on September 14, 2016, contending the child was an "Indian child" for purposes of the ICWA. At a subsequent hearing before the magistrate, the attorney for mother, the

attorney for father, and the GAL agreed the child was an Indian child. Mother and the GAL filed objections to the transfer of jurisdiction.

{¶ 7} On October 4, 2016, the magistrate dismissed the motion for PCC at the request of the movant, FCCS.

{¶ 8} A hearing was held on November 2, 2016, on the issues of transfer of jurisdiction and whether placement with the tribe was appropriate, and neither parent was present. The court granted GRIC's motion to intervene, and continued the matter to conduct an in camera interview with the child.

{¶ 9} On November 14, 2016, the magistrate conducted a hearing, at which the court indicated it had informed the parties it intended to transfer jurisdiction and dismiss the case based on FCCS's insufficient notification to the GRIC. The mother and father failed to appear, and the hearing was continued until December 15, 2016.

{¶ 10} On November 15, 2016, the GAL filed a complaint in case No. 16JU-13594 alleging C.J., Jr., was a neglected, abused, and dependent child.

{¶ 11} On December 13, 2016, GRIC filed a child in need of care petition in the tribal court, case No. JC-2016-0434, which the tribal court granted ex parte as an order granting emergency temporary wardship to the Gila River Tribal Social Services.

{¶ 12} On December 15, 2016, the magistrate held a hearing with respect to both case Nos. 15JU-232 and 16JU-13594 and orally announced a decision. The magistrate issued a written decision on December 22, 2o16 finding proper notice was not given to GRIC; PFSN did not respond to an inquiry made by the Interior; and PFSN did not correct the notice of proceedings to reflect the father was the parent with Indian heritage. The magistrate concluded the improper notice so prejudiced the case that it is null and void, dismissed case No. 15JU-232, granted the motion for change of jurisdiction, dismissed the remaining motions and objections to the transfer of jurisdiction, terminated the wardship of the child, and terminated TCC to FCCS. The trial court adopted the decision of the magistrate on December 22, 2016.

{¶ 13} The magistrate then proceeded in the December 15, 2016 hearing on the GAL's complaint in case No. 16JU-13594. The magistrate found it had concurrent jurisdiction with the tribal court and followed the BIA guidelines that required the child

be placed in an Indian home or with an Indian relative. The magistrate granted temporary custody to GRIC and set the matter for a final hearing on February 3, 2017.

{¶ 14} The GAL immediately objected at the hearing and requested a stay, and on the same day, the trial court conducted a hearing in case No. 16JU-13594. On December 16, 2016, the trial court continued the temporary custody of the child with FCCS until December 28, 2016 at which time the temporary custody order would terminate, and custody would proceed pursuant to the tribal court order. A second order was filed on December 28, 2016 extending temporary custody to FCCS until December 29, 2016, to arrange travel of the child to Arizona.

{¶ 15} On December 28, 2016, the GAL filed a motion in this court for an emergency stay in case No. 16JU-13594 and, on December 29, 2016, this court granted a stay of the December 16 and 28, 2016 judgments pending appeal. The GAL appealed in case No. 16JU-13594.

{¶ 16} On January 6, 2017, GRIC moved to intervene in case No. 16JU-13594. On January 11, 2017, GRIC filed a motion to remove B.M.F. as GAL. On February 23, 2017, mother and the GAL filed a Civ.R. 60(B) motion for relief from judgment in case No. 15JU-232, requesting the trial court vacate the December 22, 2016 judgment.

{¶ 17} On March 2, 2017, mother filed a notice of appeal from the December 22, 2016 judgment entry.

{¶ 18} On March 9, 2017, the magistrate entered a decision and entry in case No. 15JU-232 declaring it was dismissing that case because it had been refiled under case No. 16JU-13594. The GAL filed a notice of appeal from that judgment in case No. 15JU-232.

{¶ 19} Mother died on March 18, 2017.

{¶ 20} On April 6, 2017, this court stayed the appellate cases and remanded the matter to the trial court for the purpose of allowing the trial court to rule on the pending Civ.R. 60(B) motion.

{¶ 21} On May 24, 2017, the trial court denied the motion for relief from judgment and found the March 9, 2017 entry was superfluous because the December 22, 2016 decision and judgment entry terminated the case. This court then reactivated the consolidated cases.

{¶ 22} In *C.J.*, this court addressed three consolidated appeals: (1) an appeal by the GAL from the December 16 and 28, 2016 orders in case No. 16JU-13594, (2) an appeal by the GAL from the court's March 9, 2017 entry dismissing case No. 15JU-232, and (3) an appeal by mother from the dismissal of case No. 15JU-232. We reversed and remanded the matter to determine the child's custody after an evidentiary hearing with full participation of GRIC.

{¶ 23} On April 2, 2018, GRIC filed an amended motion to remove B.M.F. as GAL. A hearing on the motion was held before a magistrate on May 30 and June 1, 2018. Based on her reading of our decision in *C.J.*, the magistrate found the matters should proceed under case No. 15JU-232, and case No. 16JU-13594 should be dismissed. After a hearing, the magistrate took the matter under advisement and orally announced a decision on June 1, 2018 granting GRIC's motion to remove B.M.F. as GAL. The magistrate issued a decision on June 25, 2018 that included findings of fact and conclusions of law. The magistrate found the GAL's actions created the appearance of losing his objectivity, fairness, and independence. The GAL filed objections, which the trial court denied in a November 13, 2018 judgment. The GAL appeals, asserting the following assignment of error:

> The juvenile court erred in removing Guardian *Ad Litem* ("GAL") [B.M.F.] as C.J., Jr.'s court-appointed GAL.

{¶ 24} We must first address GRIC's motion to dismiss the appeal based on the claim that the order appealed from is not a final appealable order. A trial court order is a final appealable order if it meets the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B). *Eng. Excellence Inc. v. Northland Assocs., LLC*, 10th Dist. No. 10AP-402, 2010-Ohio-6535, ¶ 10. R.C. 2505.02 defines a final order and provides, in pertinent part:

> (A)  As used in this section:
>
> (1) "Substantial right" means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect.
>
> (2) "Special proceeding" means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity.

* * *

(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

* * *

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment[.]

{¶ 25} Civ.R. 54(B) provides in part as follows:

When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

{¶ 26} In determining whether a judgment or order is final and appealable, the appellate court engages in a two-step analysis. *In re Estate of L.P.B.*, 10th Dist. No. 11AP-81, 2011-Ohio-4656, ¶ 10. "First, we must determine if the order is final within the requirements of R.C. 2505.02. Second, if the order satisfies R.C. 2505.02, we must determine whether Civ.R. 54(B) applies and, if so, whether the order contains a certification that there is no just reason for delay." *Id.*

{¶ 27} "Civ.R. 54(B), however, is merely a procedural device. It cannot affect the finality of an order." *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 21 (1989); *Meisner v. Walker*, 10th Dist. No. 15AP-671, 2016-Ohio-215, ¶ 11. The absence of Civ.R. 54(B) language will not render an otherwise final order not final. *Gen. Acc. Ins. Co.* at 21. Moreover, "even though all the claims or parties are not expressly adjudicated by the trial

court, if the effect of the judgment as to some of the claims is to render moot the remaining claims or parties, then compliance with Civ.R. 54(B) is not required to make the judgment final and appealable." *Id.*

{¶ 28} In the present case, we find the order appealed from was not final and appealable. Although we can find no authority precisely on point, several cases concerning the denial of a motion to remove the GAL in various contexts are instructive. In *In re Z.R.*, 9th Dist. No. 26860, 2016-Ohio-1331, the mother appealed a dependency adjudication and temporary placement of her child with children's services, as well as the court's denial of her motion to remove the GAL. On appeal, she argued the trial court erred when it failed to remove the GAL based on his failure to fulfill his duties. The court of appeals found that, although the adjudication and disposition of the child were appealable, not every aspect of the judgment was necessarily final and appealable at that time. The court noted that, in an appeal from an adjudication and initial disposition of a child, the court lacked jurisdiction to address interlocutory aspects of that order such as case plan requirements which the trial court may continue to change and the parent has the ability to appeal after the final disposition in the case. The court found the pivotal question was whether the trial court's denial of the mother's motion to remove the GAL also affected her substantial rights in the case. The court explained that a party's inability to seek appropriate relief in the future has been equated with having virtually no opportunity for an appellate court to provide relief on appeal after final judgment, and a substantial right is not affected merely because the parties must wait until the final disposition to seek review of interlocutory issues in a dependency and neglect case. The court noted that a trial court retains ongoing authority to change the GAL assigned to the case; thus, the trial court's denial of a motion to remove a GAL, in and of itself, does not affect a party's substantial right because the trial court retains authority to change that order and it can be appealed after final judgment. Therefore, the appellate court concluded the trial court's denial of the mother's motion to remove the GAL was not appealable at that time.

{¶ 29} In *Dunham v. Ervin*, 10th Dist. No. 17AP-79, 2017-Ohio-7616, a case emanating from a complaint for custody, parenting time, and child support, the trial court denied the father's motion to remove the GAL. The father appealed the denial of his motion while the motion to modify parental rights and responsibilities remained pending

with the juvenile court. On appeal, this court found that proceedings in the juvenile division are special statutory proceedings within the meaning of R.C. 2505.02(B)(2) and parental rights qualify as "substantial rights" for purposes of R.C. 2505.02(B)(2). However, we concluded that because the father's motion to modify parental rights and responsibilities remained pending in the juvenile court, the order did not affect a substantial right. We reasoned that full and appropriate relief in the future would not be foreclosed if the order were not immediately appealable, given appellant would have an opportunity to seek review of the juvenile court's decision regarding the GAL following the juvenile court's decision on his pending motion to modify. Thus, the order denying the motion to remove the GAL was not a final appealable order.

{¶ 30} In *Longo v. Longo*, 11th Dist. No. 2010-G-2998, 2011-Ohio-1297, the father filed several motions relating to the removal of the GAL, which the trial court denied. The father appealed the orders while there still remained other issues pending before the trial court. The court of appeals determined denial of a motion to remove a GAL was not a final appealable order, as it does not fall under any of the categories for being a final order pursuant to R.C. 2505.02(B). Therefore, the court dismissed the appeal for lack of a final appealable order.

{¶ 31} In *Davis v. Lewis*, 10th Dist. No. 99AP-814 (Dec. 12, 2000), the trial court denied the father's motion to remove the GAL, while the underlying action for allocation of parental rights and responsibilities remained pending. Father appealed. On appeal, this court found that a motion to remove a GAL, and the trial court's decision denying it, is not final and appealable, as it does not fit within any of the definitions of a final appealable order set forth in R.C. 2505.02(B).

{¶ 32} We have found one case in which a GAL appealed the trial court's order removing him as GAL, and the order was found to be final and appealable. In *In re S.H.*, 5th Dist. No. 18-CA-34, 2018-Ohio-5007, the GAL was appointed to serve as guardian for minor children in a case emanating from the probate division, but the trial court sua sponte removed the GAL because he had not fulfilled the continuing educational requirements required under the rules of superintendence. The GAL did not appeal from this order. The GAL filed a motion to vacate, which the trial court denied, and the GAL did not appeal from this order. The GAL then filed another motion to vacate, which the trial

court eventually denied. The GAL appealed the last order. On appeal, the court of appeals found appellant was actually appealing the initial order that removed him as GAL. The court concluded the original order removing the GAL was a final appealable order, but the GAL's appeal was untimely.

{¶ 33} However, we find *S.H.* does not guide our current determination in the present case. Initially, we note it is unclear at what stage of the proceedings the court sua sponte removed the GAL, i.e., it is not clear whether the underlying matters had been adjudicated at the time the court removed the GAL and whether the GAL would have had an adequate opportunity to appeal the determination at the conclusion of the underlying probate matter. Importantly, in finding that a guardian that has been removed has a recourse in the appellate courts, the court in *S.H.* relied on our decision in *In re Guardianship of Thomas*, 10th Dist. No. 16AP-292, 2016-Ohio-7793, which is inapposite to the circumstances in the present case. In *Thomas*, the court removed the guardian in a probate case. The guardian appealed. We found the guardian had standing to appeal as an aggrieved party with interest in the matter, and we addressed the merits of her appeal. However, the circumstances in *Thomas* are easily differentiated from those here. The matter in *Thomas* was an ongoing probate case that had a guardianship in place to care for an elderly ward. Thus, the guardian would have no opportunity to appeal in the future because there would be no future final judgments or dispositions from which to appeal. In such a case, the only remedy for an aggrieved guardian is an immediate appeal of the removal. This situation is different from that in a PCC case, in which there is a final disposition from which an aggrieved GAL can appeal.

{¶ 34} This distinction was discussed in *King v. Craig*, 9th Dist. No. 12CA0060-M, 2013-Ohio-3070. In *King*, the trial court appointed a GAL for anticipated post-decree parenting time issues. After the trial court disposed of the issues originally requiring the appointment of the GAL, the court retained the GAL but the father moved the court to remove the GAL. The juvenile court denied the motion, and the father appealed. On appeal, the court of appeals determined the order denying the motion to remove the GAL was a final appealable order. The court acknowledged that *Davis* and *Longo* held that the denial of a motion to remove a GAL before judgment is entered in the underlying dispute is not final and appealable because the appellant can obtain appropriate relief in an

appeal from final judgment. *See King* at ¶ 6. However, the court in *King* found its case was distinguishable from *Davis* and *Longo* because the GAL's appointment in its case was ongoing and not tied to the resolution of any outstanding post-decree motions; thus, there would be no forthcoming final judgment from which the father could appeal that would afford him relief with respect to the denial of his motion to remove the GAL. In such a situation, the court in *King* found, the denial of a motion to remove a GAL affected a substantial right in a special proceeding and was immediately appealable.

{¶ 35} The present case is akin to *Davis*, *Longo*, and *Dunham*. Here, the GAL will have the ability to seek appropriate relief on appeal after final judgment, and a substantial right is not affected merely because the GAL must wait until the final disposition. This is not a case, like in *King* and *Thomas*, in which the matter is ongoing without any future opportunity for the GAL to raise his arguments regarding removal. Furthermore, the trial court retains ongoing authority to change the GAL assigned to the case in the future; thus, the issue may become moot in the future depending on the court's future orders and the final outcome of the case. We agree that a GAL that has been removed during a PCC matter has a recourse in the appellate courts; however, that recourse is an appeal after final judgment on the underlying PCC. For these reasons, we grant the GRIC's motion to dismiss.

{¶ 36} Accordingly, we grant the GRIC's motion to dismiss, and the GAL's appeal is dismissed due to the lack of a final appealable order.

*Motion to dismiss granted; action dismissed.*

BRUNNER and BEATTY BLUNT, JJ., concur.

_____