[Cite as *King v. King*, 2012-Ohio-5926.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

DAVID C. KING

    Appellant

    v.

LAURA J. KING nka CRAIG

    Appellee

C.A. No.     11CA0109-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    02DR0958

DECISION AND JOURNAL ENTRY

Dated: December 17, 2012

BELFANCE, Judge.

{¶1}    David King appeals from the decision of the Medina County Court of Common Pleas, Domestic Relations Division. For the reasons set forth below, we vacate in part and dismiss the appeal.

I.

{¶2}    Mr. King and Laura Craig were divorced in 2004. Following the finalization of the divorce decree, Mr. King moved to terminate the shared-parenting plan. Prolonged post-decree litigation ensued, which we have previously summarized. *See King v. King*, 9th Dist. Nos. 11CA0006-M, 11CA0023-M, & 11CA0069-M, 2012-Ohio-5219, ¶ 2-12. On October 13, 2011, while Mr. King's appeal was pending, the trial court issued a 51-page judgment entry that sought to resolve all outstanding motions. Mr. King appealed the October 13, 2011 entry, raising four assignments of error for our review. For ease of discussion, we have rearranged and combined some Mr. King's assignments of error.

II.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DENYING PLAINTIFF-APPELLANT'S EMERGENCY MOTION FOR AUTHORIZATION TO ENROLL THE CHILDREN IN SPRING AND SUMMER EXTRA-CURRICULAR ACTIVITIES.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY GRANTING DEFENDANT-APPELLEE'S MOTIONS TO STRIKE PLAINTIFF-APPELLANT'S "NOTICE TO WITHDRAW THE AGREEMENT OF SEPT 11, 2009" AND "NOTICE OF FILING" OF THE TRANSCRIPT OF THE CONTINUED DEPOSITION VOLUME III OF DEFENDANT-APPELLEE, IN WHICH DEFE[N]DANT-APPELLEE ADMITTED UNDER OATH TO ATTEMPTING, OR SERIOUSLY CONTEMPLATING, SUICIDE ON FIVE SEPARATE OCCASIONS IN THE PRESENCE OF THE PARTIES' CHILDREN WHEN THEY WERE PRESCHOOL-AGED.

ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DENYING PLAINTIFF-APPELLANT'S REQUESTS FOR REPORT OF THE PARENTING TIME COOR[DI]NATOR.

JURISDICTION

{¶3} Our jurisdiction is derived from the Ohio Constitution and the General Assembly. Under the Ohio Constitution, Ohio's courts of appeals "have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." Ohio Constitution, Article IV, Section 3(B)(2). R.C. 2501.02 states that the courts of appeals "shall have jurisdiction * * * to review, affirm, modify, set aside, or reverse judgments or final orders of courts of record inferior to the court of appeals within the district * * *." In light of the matters contained in this appeal, we find it necessary to examine whether this Court has jurisdiction over the matters raised in this appeal.

{¶4} "Once a case has been appealed, the trial court loses jurisdiction except to take action in aid of the appeal." *In re S.J.*, 106 Ohio St.3d 11, 2005–Ohio–3215, ¶ 9. "The trial court [only] retains jurisdiction over issues not inconsistent with the appellate court's jurisdiction to reverse, modify, or affirm the judgment appealed from." *Id.*

{¶5} The trial court issued its October 13, 2011 judgment entry while an appeal was pending with this Court concerning the reallocation of parental rights and responsibilities. *See generally King*, 2012-Ohio-5219. Thus, it was without jurisdiction to determine the issues raised in Mr. King's second, third, and fourth assignments of errors because those issues were intertwined with the reallocation of parental rights and responsibilities. Accordingly, the portions of the trial court's judgment entry related to Mr. King's notice to withdraw from the settlement agreement, his motion for emergency authorization, the deposition of Ms. Craig, and the report of the parenting-time coordinator are void and must be vacated.

ASSIGNMENT OF ERROR I

THE MAGISTRATE ERRED AND ABUSE[D] HER DISCRETION BY GRANTING DEFENDANT-APPELLEE'S MOTION FOR EMERGENCY HEARING AND FURTHER DETERMINING THAT "PLAINTIFF [APPELLANT] [(BRACKETED PHRASE SIC)] DOES NOT BELIEVE HE HAS TO FOLLOW COURT ORDERS" AND "DECIDES THINGS WITH NO INPUT FROM DEFENDANT OR REFERENCE TO COURT ORDERS" AND "CONSISTENTLY OVERSTEPPED ALL BOUNDS PLACED ON HIM" AND THAT A FINDING OF CONTEMPT "WOULD BE WARRANTED[,]"[] AND THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY OVERRULING PLAINTIFF-APPELLANT'S OBJECTIONS TO THAT MAGISTRATE'S DECISION.

{¶6} With respect to his first assignment of error, Mr. King's appeal stems from an emergency motion filed by Ms. Craig in August 2007 in which she averred that Mr. King had failed to comply with the parties' existing companionship order. The magistrate treated Ms. Craig's motion as a motion to enforce the prior companionship order. The magistrate made the

findings of fact to which Mr. King objected but did not grant Ms. Craig any relief on her motion. At first glance, it appears that the trial court lacked jurisdiction to issue any ruling. However, because Ms. Craig's emergency motion to enforce the companionship order was completely collateral to the issues on appeal, it did not interfere with this Court's jurisdiction in the prior appeal.

{¶7} Nevertheless, the appeal must still be dismissed. Although the trial court overruled Mr. King's objections to the magistrate's findings of fact, it also dismissed Ms. Craig's emergency motion. Thus, while Mr. King takes issue with the magistrate's findings of fact, the fact remains that he was not aggrieved by the trial court's dismissal of Ms. Craig's emergency motion and, therefore, lacks standing to bring this appeal. *See In re Estate of Shepherd*, 9th Dist. No. 19239, 1999 WL 312378, *1 (May 5, 1999) ("In order to have standing to appeal, an appellant must show that he is an aggrieved party, in that the lower court's decision has adversely affected his rights."). Accordingly, Mr. King's appeal is dismissed with respect to his first assignment of error.

### III.

{¶8} The judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is vacated to the extent it was inconsistent with this Court's jurisdiction, and Mr. King's appeal is dismissed.

Judgment vacated in part,
and appeal dismissed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
EVE V. BELFANCE
FOR THE COURT

MOORE, P. J.
DICKINSON, J.
CONCUR.

APPEARANCES:

JOSEPH F. SALZGEBER, Attorney at Law, for Appellant.

PETER T. CAHOON , Attorney at Law, for Appellee.

LESLIE S. GRASKE, Guardian at litem.