[Cite as *King v. King*, 2013-Ohio-3070.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

DAVID C. KING

    Appellant

    v.

LAURA J. CRAIG (fka KING)

    Appellee

C.A. No.     12CA0060-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    02-DR-0958

DECISION AND JOURNAL ENTRY

Dated: July 15, 2013

---

WHITMORE, Judge.

{¶1} Appellant, David King, appeals the order of the Medina County Court of Common Pleas, Domestic Relations Division, that denied his motion to remove the guardian ad litem. This Court affirms.

I

{¶2} Mr. King is divorced from Laura King, now known as Laura Craig, and they are the parents of two children. Since their divorce in 2004, Mr. King and Ms. Craig have constantly litigated issues regarding the care and custody of the children. This Court has previously explained the extent of the post-decree litigation, and we need not do so again except to note that it has been extensive, costly, time consuming, and hostile. *See generally King v. King*, 9th Dist. Medina Nos. 11CA0006-M, 11CA0023-M, 11CA0069-M, 2012-Ohio-5219, ¶ 2-13. *See also King v. King*, 9th Dist. Medina No. 11CA0109-M, 2012-Ohio-5926. Our discussion of the facts of this case is limited to the issue at hand.

{¶3}     On April 7, 2010, with the consent of the parties, the trial court appointed attorney Leslie Graske as guardian ad litem in anticipation of determining numerous issues related to parenting time.  On June 8-9, 2010, the guardian ad litem participated in a hearing regarding the pending motions.  Within two weeks, Mr. King objected to her performance.  On July 2, 2010, he filed his first motion to terminate the guardian ad litem's services.  The trial court denied that motion.  On August 27, 2010, the trial court entered an interim order regarding parenting time that continued the appointment.  The relationship between Mr. King and the guardian ad litem became increasingly contentious, and while Mr. King filed several subsequent motions to remove her, he subsequently withdrew them.  On August 16, 2011, Mr. King moved the trial court for "removal or replacement" of the guardian ad litem, alleging that she had "fail[ed] to faithfully discharge her duty."  The trial court conducted a hearing on the motion on October 13, 2011, and in an order journalized on the same date, the trial court commented on the continuing nature of the guardian ad litem's role in this case despite resolution of pending motions.  On May 31, 2012, the trial court denied Mr. King's motion.  Mr. King filed this appeal.

II

Assignment of Error

THE DOMESTIC RELATIONS COURT ERRED AND ABUSED ITS DISCRETION BY DENYING PLAINTIFF-FATHER'S MOTION TO TERMINATE THE GUARDIAN AD LITEM.

{¶4}     Mr. King's assignment of error argues that because the evidence presented in support of his motion demonstrated that the guardian ad litem did not faithfully discharge her duties, the trial court abused its discretion by denying his motion to discharge her.  We do not agree.

{¶5}    Before addressing the merits of Mr. King's assignment of error, this Court must consider whether the denial of his motion is a final appealable order. Under R.C. 2505.02(B)(2), which is applicable in this case, an order is final and appealable if it "affects a substantial right * * * in a special proceeding." Divorce is a "special proceeding" within the meaning of R.C. 2505.02(A)(2). *State ex rel. Papp v. James*, 69 Ohio St.3d 373, 379 (1994). A guardian ad litem who is appointed in a domestic relations case must discharge her duties with "independence, objectivity, and fairness" and without conflicts of interest. *See* Sup.R. 48 (D). Guardians ad litem are subject to removal for failure to perform their duties in this manner. *See e.g.* R.C. 2307.14 ("The court shall require a guardian ad litem * * * faithfully to discharge the guardian ad litem's * * * duty, and upon failure to do so, may remove the guardian ad litem * * * and appoint another.") When a party to a domestic case has alleged violations of a guardian ad litem's duties under Sup.R. 48(D), it may implicate a substantial right. Nonetheless, an order must "affect" a substantial right in order to be immediately appealable. *See* R.C. 2505.02(B)(2). In other words, an order is only appealable under R.C. 2505.02(B)(2) if, without an immediate appeal, the appellant would be foreclosed appropriate relief in an appeal from a final judgment. *See Southside Community Devel. Corp. v. Levin*, 116 Ohio St.3d 1209, 2007-Ohio-6665, ¶ 7.

{¶6}    Courts have concluded, albeit implicitly, that when a trial court denies a motion to remove a guardian ad litem before judgment is entered in the underlying dispute, the order is not final and appealable because the appellant can obtain appropriate relief in an appeal from final judgment. *See e.g. Longo v. Longo*, 11th Dist. Geauga No. 2010-G-2998, 2011-Ohio-1297, ¶ 19 (denial of motion to remove guardian ad litem was not final and appealable when "there [were] still other issues pending before the trial court."); *Davis v. Lewis*, 10th Dist. Franklin No. 99AP-814, 2000 WL 1808291, *3 (Dec. 12, 2000) (denial of motion to remove guardian ad litem was

not final and appealable when there had been no decision on the merits of the complaint to establish parental rights and responsibilities). *Compare Gabriel v. Gabriel*, 6th Dist. Lucas No. L-08-1303, 2009-Ohio-1814 (addressing the denial of a motion to remove a guardian ad litem when the custody issues had been resolved by a settlement agreement and the appellant had been found in contempt). In this case, the guardian ad litem was appointed in the context of post-decree litigation regarding parenting time. Although the motions that prompted the trial court to appoint the guardian have been resolved, the trial court has determined that the continuing services of the guardian are necessary given the contentious nature of the proceedings and the parties' inclination toward more post-decree litigation. At this point in the case, the guardian's appointment is ongoing and is not tied to the resolution of any outstanding post-decree motions. There is no forthcoming final judgment from which Mr. King could appeal that would afford him relief with respect to the denial of his motion to remove the guardian ad litem. In this situation, the denial of the motion "affects a substantial right * * * in a special proceeding," and it is final and appealable at this time. R.C. 2505.02(B)(2).

{¶7} The denial of a motion to remove a guardian ad litem is reviewed for an abuse of the trial court's discretion. *Gabriel* at ¶ 15. Accordingly, we will only reverse the trial court's determination if it is unreasonable, arbitrary, or unconscionable. *See Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶8} Mr. King argued that the guardian ad litem should be removed because she exhibited bias and prejudice in performance of her duties, failed to perform her duties as ordered by the trial court, and failed to communicate with him on matters affecting the children. The evidence does not support this claim. Mr. King admitted that he instructed the guardian ad litem not to communicate with him in writing or in any means other than talking to his attorney, yet he

argued that she should be removed because she did not communicate with him outside of court proceedings and offered no evidence supporting his assertion that she had failed to communicate through his attorney. Mr. King acknowledged that at times, he had not made payments toward the guardian ad litem's fees, yet he argued that the fact that she filed a contempt motion demonstrated bias against him. Mr. King admitted that he did not ask the guardian ad litem to intervene to facilitate the resolution of certain parenting issues, but faulted her for failing to do so.

{¶9} In short, the evidence presented in support of Mr. King's motion demonstrated that his real problem with the guardian ad litem is not bias or prejudice, but that he disagrees with what the trial court has ordered and with how the guardian ad litem has performed her duties. Under these circumstances, we cannot conclude that the trial court abused its discretion by denying Mr. King's motion to remove the guardian ad litem. Mr. King's assignment of error is overruled.

III

{¶10} Mr. King's assignment of error is overruled. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

6

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETH WHITMORE
FOR THE COURT

BELFANCE, P.J.
HENSAL, J.
CONCUR

APPEARANCES:

JOSEPH F. SALZGEBER, Attorney at Law, for Appellant.

PETER T. CAHOON, Attorney at Law, for Appellee.

LESLIE S. GRASKE, Guardian Ad Litem.