[Cite as *In re Z.R.*, 2016-Ohio-1331.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| IN RE: Z.R. | C.A. No. 26860 |
| | |
| | APPEAL FROM JUDGMENT |
| | ENTERED IN THE |
| | COURT OF COMMON PLEAS |
| | COUNTY OF SUMMIT, OHIO |
| | CASE No. DN 12-08-0561 |

DECISION AND JOURNAL ENTRY

Dated: March 30, 2016

HENSAL, Presiding Judge.

{¶1} Appellant, Latoiya R. ("Mother"), appeals from a judgment of the Summit County Court of Common Pleas, Juvenile Division, that adjudicated her youngest child dependent and placed her in the temporary custody of Summit County Children Services Board ("CSB"). Although this Court originally reversed the trial court's judgment based on Mother's first assigned error that the trial court's jurisdiction was not properly invoked because the complaint was filed in the wrong county, the Ohio Supreme Court reversed that judgment. *In re Z.R.*, 144 Ohio St.3d. 380, 2015-Ohio-3306. The matter was remanded for this Court to rule on Mother's remaining assignments of error, which this Court did not originally address because they had been rendered moot. *Id.* at ¶ 31. Upon review of Mother's remaining assignments of error, this Court affirms the trial court's judgment.

I.

**{¶2}** Mother is the natural mother of six minor children. Five of her children were removed from her custody during December 2011 and later adjudicated neglected and dependent children. The child at issue in this case, Z.R., was born in Cuyahoga County on August 23, 2012, while her older siblings' cases were pending in Summit County.

**{¶3}** The day after Z.R.'s birth, CSB filed a complaint in the Summit County Juvenile Court, alleging that Z.R. was a dependent child, based primarily on facts that predated her birth involving the dependency and neglect cases of her older siblings. Shortly afterward, Mother moved to dismiss the complaint, asserting that this case was filed in the wrong county because Mother and Z.R. resided in Cuyahoga County. The trial court rejected Mother's argument and denied her motion to dismiss, which did not allege any other grounds for dismissing the complaint.

**{¶4}** The matter proceeded to adjudicatory and dispositional hearings, after which Z.R. was adjudicated a dependent child and placed in the temporary custody of CSB. Mother filed timely objections to the magistrate's decisions, asserting all of the arguments that she has raised on appeal. The trial court overruled Mother's objections, adjudicated Z.R. a dependent child, and placed her in the temporary custody of CSB.

**{¶5}** Mother appealed and raised six assignments of error. This Court initially sustained Mother's first assignment of error and did not address her remaining assignments of error because they were moot. *See In re Z.R.*, 9th Dist. Summit No. 26860, 2014-Ohio-182, ¶ 31. Pursuant to the Ohio Supreme Court's reversal and remand, this Court now addresses Mother's remaining assignments of error.

II.

ASSIGNMENT OF ERROR II

THE JUVENILE COURT COMMITTED REVERSIBLE ERROR BY PROCEEDING TO TRIAL OVER OBJECTION OF MOTHER WHEN IT HAD NOT ACQUIRED JURISDICTION OVER THE MINOR CHILD THROUGH PROPER SERVICE.

{¶6}    Mother's second assignment of error is that the trial court lacked personal jurisdiction over Z.R. in this case. She relies on a prior version of Local Rule 6.02 of the Court of Common Pleas of Summit County, Juvenile Division, which then required service of the complaint upon all parties, "including a child who is the subject of the proceeding[.]"[1] The parties do not dispute that the dependency complaint was not actually served on the newborn Z.R. For that reason, Mother argues that the trial court's judgment must be reversed because the court lacked jurisdiction to adjudicate Z.R. a dependent child.

{¶7}    Mother's argument lacks merit for several reasons. To begin with, she failed to comply with the requirements of the Ohio Rules of Juvenile Procedure that she timely raise this alleged defect in the institution of the proceedings through a written motion before the adjudicatory hearing. *See* Juv.R. 19 and Juv.R. 22(D)(1). Moreover, to the extent that the local rule then required service of the complaint on newborn Z.R., service upon a person under the age of 16 is accomplished by serving the child's guardian or a parent with whom the child resides. Civ.R. 4.2(B). Mother does not dispute that Z.R. legally resided with her at the time the complaint was filed and that she was served with a copy of the complaint.

---

[1] The rule has since been amended to exclude the "child who is the subject of a dependency, neglect, abuse, or custody claim, unless the Court otherwise directs."

{¶8} Furthermore, Mother has failed to demonstrate that a lack of proper service of upon Z.R. would have deprived the trial court of personal jurisdiction in this case. Mother's argument on appeal explicitly recognizes that lack of personal jurisdiction is a defense to be raised by a "defendant" in a civil case. "It is rudimentary that in order to render a valid personal judgment, a court must have personal jurisdiction over the *defendant*." (Emphasis added.) *Maryhew v. Yova,* 11 Ohio St.3d 154, 156 (1984). Consequently, a "trial court is without jurisdiction to render judgment or to make findings *against a person* who was not served summons, did not appear, and was not a party to the court proceedings." (Emphasis added.) *State ex rel. Ballard v. O'Donnell*, 50 Ohio St.3d 182 (1990), paragraph one of the syllabus. *See also* Civ.R. 3(A) and Civ.R. 4(A) (providing that a civil action is commenced by filing a complaint and serving it on the defendant and requiring the clerk of court to "issue a summons for service upon each defendant[.]").

{¶9} Although Z.R. is a named party in this dependency case, CSB did not file a complaint against her as a defendant. Instead, CSB filed the complaint on Z.R.'s behalf, alleging that her parents (the defendants) had failed to provide her with appropriate care. Mother does not dispute that all defendants were properly served with the complaint. Therefore, she has failed to demonstrate that the trial court lacked personal jurisdiction to adjudicate Z.R. a dependent child and place her in the temporary custody of CSB. Therefore, Mother's second assignment of error is overruled.

ASSIGNMENT OF ERROR III

THE JUVENILE COURT COMMITTED REVERSIBLE ERROR BY ALLOWING CSB TO PROCEED ON A COMPLAINT WHICH WAS SUBMITTED BY VIOLATING MOTHER'S CONSTITUTIONAL RIGHTS.

{¶10} Mother's third assignment of error is that CSB initiated this case in violation of her constitutional rights. Specifically, she asserts that CSB improperly obtained information about the birth of Z.R. by sending letters to area hospitals, seeking a referral if she gave birth to a child. Although Mother asked a few questions about the letter at the adjudicatory hearing, she did not introduce the letter into evidence, nor did she argue that the complaint should have been dismissed for that reason. Moreover, as emphasized already, to timely raise a challenge to the institution of these proceedings, Mother was required to file a written motion to dismiss the complaint on this basis prior to the adjudicatory hearing, which she failed to do. *See* Juv.R. 19 and Juv.R. 22(D).

{¶11} It was not until she filed her objections to the magistrate's adjudicatory decision that Mother argued to the trial court that CSB had violated her rights by contacting the hospital. Therefore, Mother has forfeited all but plain error. *See In re T.W.*, 9th Dist. Summit No. 27477, 2016-Ohio-92, ¶ 11. Because Mother has not argued plain error, "this Court will not construct a claim of plain error on behalf of an appellant who fails to raise such an argument in her brief." *In re N.G.*, 9th Dist. Lorain No. 15CA010812, ¶ 25, quoting *State v. White,* 9th Dist. Summit Nos. 23955, 23959, 2008-Ohio-2432, ¶ 33. Mother's third assignment of error is overruled.

ASSIGNMENT OF ERROR IV

THE JUVENILE COURT COMMITTED REVERSIBLE ERROR BY NOT DISCHARGING THE GAL WHEN HE FAILED TO FAITHFULLY DISCHARGE HIS DUTIES.

{¶12} Mother's fourth assignment of error is that the trial court erred in failing to remove the guardian ad litem in this case because he failed to fulfill his duties. Before reaching the merits of this assigned error, this Court must determine whether this aspect of the trial court's judgment is final and appealable at this time. Article IV, Section 3(B)(2) of the Ohio

Constitution limits this Court's appellate jurisdiction to the review of final judgments of lower courts. Pursuant to Revised Code Section 2505.02(B)(2), an order is final and appealable if it "affects a substantial right made in a special proceeding[.]" This dependency action is governed by a statutory scheme set forth in R.C. Chapter 2151 that was not recognized by common law. *In re Adams,* 115 Ohio St.3d 86, 2007-Ohio-4840, ¶ 43. Consequently, Mother appeals from an order that was made in a special proceeding. *Id*.

{¶13} In abuse, neglect, and dependency cases, however, the Ohio Supreme Court has identified only one order that is appealable prior to the final placement of the child: the juvenile court's adjudication that a child is abused, neglected and/or dependent, followed by a disposition placing the child in the temporary custody of a children services agency. *In re Murray*, 52 Ohio St.3d 155 (1990), syllabus. Moreover, the Ohio Supreme Court later held that the adjudication and initial temporary custody disposition cannot be challenged through a timely appeal from the final dispositional order. *In re H.F.*, 120 Ohio St.3d 499, 2008-Ohio-6810, ¶ 18. Therefore, if parents had no right to an immediate appeal from the adjudication and initial disposition of the child, they would have no opportunity to seek appellate review.

{¶14} Although the adjudication and disposition of Z.R. is appealable, not every aspect of that judgment is necessarily final and appealable at this time. For example, in an appeal from an adjudication and initial disposition of a child, this Court lacks jurisdiction to address interlocutory aspects of that order such as case plan requirements, which the trial court may continue to change and the parent has the ability to appeal after the final disposition in the case. *See, e.g.*, *In re B.M.*, 9th Dist. Wayne Nos. 12CA0009, 12CA0010, 12CA0011, and 12CA0012, 2012–Ohio–4093, ¶ 23-24.

{¶15} The pivotal question here is whether the trial court's denial of Mother's motion to remove the guardian ad litem also affected her substantial rights in this case. Revised Code Section 2505.02(A)(1) defines "[s]ubstantial right" as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." Moreover, an order does not "affect[] a substantial right" under Section 2505.02(B)(2) unless it is one that, "'if not immediately appealable, would foreclose appropriate relief in the future.'" *Southside Community Dev. Corp. v. Levin*, 116 Ohio St.3d 1209, 2007-Ohio-6665, ¶ 7, quoting *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63 (1993).

{¶16} A party's inability to seek "appropriate relief in the future" has been equated with having "virtually no opportunity for an appellate court to provide relief on appeal after final judgment from an order that allegedly prejudiced a legally protected right." *State v. Chalender*, 99 Ohio App.3d 4, 7 (2d Dist.1994). A substantial right is not affected merely because the parties must wait until the final disposition to seek review of interlocutory issues in a dependency and neglect case. *See In re Adams*, 2007-Ohio-4840, at ¶ 44.

{¶17} Mother's other assignments of error are reviewable at this time because they pertain to the validity of the adjudication and initial disposition of Z.R., which cannot be challenged through a later appeal. Mother does not argue that the trial court's failure to remove the guardian ad litem affected the adjudication and disposition of Z.R., however. Instead, she contends that the guardian should have been removed from this case and the cases of Z.R.'s siblings because of his alleged actions and inactions in the siblings' cases, which are not part of this appeal. Specifically, Mother asserts that the guardian ad litem exhibited bias against her in those cases and failed to fulfill his duties as the guardian ad litem of the older siblings. Mother's

argument refers only to the actions of guardian ad litem in the siblings' cases, as he had not yet testified or filed any reports in this case.

{¶18} Unlike the adjudication, the trial court retains ongoing authority to change the guardian ad litem assigned to the case. *See* R.C. 2151.281. The trial court's denial of a motion to remove a guardian ad litem, in and of itself, does not affect a party's substantial right because the trial court retains authority to change that order and it can be appealed after final judgment. *See King v. King*, 9th Dist. Medina No. 12CA0060-M, 2013-Ohio-3070, ¶ 6, citing *Longo v. Longo*, 11th Dist. Geauga No. 2010-G-2998, 2011-Ohio-1297, ¶ 19. Therefore, the trial court's denial of Mother's motion to remove the guardian it is not appealable at this time. Because Mother's fourth assignment of error is not properly before us, this Court does not address its merits.

ASSIGNMENT OF ERROR V

THE JUVENILE COURT COMMITTED REVERSIBLE ERROR BY NOT PROPERLY FINDING REASONABLE EFFORTS BY THE AGENCY.

{¶19} Mother's fifth assignment of error is that the trial court failed to satisfy the requirements of Revised Code Section 2151.419 that it find that CSB made reasonable reunification efforts to prevent the removal of Z.R. from Mother's home. Although the trial court found that CSB had made reasonable reunification efforts, Mother argues that those findings were not set forth in sufficient detail to satisfy the requirements of Section 2151.419(B)(1) that the trial court "briefly describe in the findings of fact the relevant services provided by the agency to the family of the child and why those services did not prevent the removal of the child from the child's home[.]"

{¶20} The trial court found that CSB had made reasonable reunification efforts through the case plans in the cases involving Z.R.'s siblings, but that Mother had failed to avail herself of

those services. The trial court's judgment emphasized that the cases involving Z.R.'s five siblings had been ongoing for more than one year, during which time CSB had provided Mother with case planning services, yet she had made little effort to work with the agency and the five siblings had remained outside her custody. In fact, Mother had not yet obtained a mental health assessment, the first step in addressing the mental health component of the case plan in the other cases. Mother has failed to demonstrate to this Court that the trial court's findings were not sufficient to satisfy the requirements of Section 2151.419(B)(1). *See, e.g.*, *In re T.B.*, 6th Dist. Lucas No. L-14-1122, 2014-Ohio-5589, ¶ 20-22. Mother's fifth assignment of error is overruled.

## ASSIGNMENT OF ERROR VI

THE JUVENILE COURT COMMITTED REVERSIBLE ERROR BY FINDING
DEPENDENCY AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶21} Mother's final assignment of error is that the trial court's adjudication of Z.R. as a dependent child was against the manifest weight of the evidence. Mother focuses most of her argument on whether the evidence established that Z.R. was a dependent child as that term is defined in Revised Code Section 2151.04(C), but the trial court did not adjudicate Z.R. under that subsection. Although CSB's complaint had alleged that Z.R. was a dependent child under Revised Code Sections 2151.04(C) and (D), the trial court confined its adjudication to Section 2151.04(D), which defines a dependent child as any child "[t]o whom both the following apply:"

(1) The child is residing in a household in which a parent * * * committed an act that was the basis for an adjudication that a sibling of the child * * * is an abused, neglected, or dependent child.

(2) Because of the circumstances surrounding the abuse, neglect, or dependency of the sibling * * *, the child is in danger of being abused or neglected by that parent[.]

**{¶22}** Mother does not dispute that CSB presented evidence that Z.R.'s five older siblings had been adjudicated as neglected and dependent children and that, therefore, the evidence satisfied Section 2151.04(D)(1). Instead, she argues that CSB failed to present competent evidence to prove that the circumstances surrounding those adjudications continued to exist and pose a danger to Z.R.

**{¶23}** CSB presented evidence about the cases of Z.R.'s older siblings, which included the testimony of the caseworker and certified copies of court orders from the siblings' cases. From January through July 2011, Mother was involved with CSB on a voluntary basis, but she failed to remedy the agency's concerns about her ability to provide a safe and stable home for the five young children who were in her care at that time. By the end of 2011, the children were removed from Mother's custody because her home was described as deplorable, the school-aged children had not been attending school regularly, and Mother had not been meeting the basic needs of all five children for food, medical care, and supervision.

**{¶24}** The case plan for the siblings required Mother to obtain a mental health assessment and follow any treatment recommendations, complete a parenting program, sign releases of information to allow communication between CSB and all service providers, and demonstrate to CSB that she could provide a safe and stable home for her children. The caseworker testified that, since the case plan had been adopted as an order of the court seven months earlier, Mother had not complied with any of its requirements. According to the caseworker, Mother had not obtained a mental health assessment and she had not attended a parenting program. The caseworker also observed that Mother was not able to appropriately supervise the children during visits. Although Mother had housing at that time, the caseworker testified that the home was dirty and cluttered.

**{¶25}** Mother testified that she had attended parenting classes and had obtained stable housing, but the trial court did not find her testimony to be credible because she did not present any documentation or other evidence to corroborate her testimony. Although Mother argues that she had no burden to prove anything at the adjudicatory hearing, she overlooks the fact that the case plan in the siblings' cases required that she communicate with CSB and sign releases of information with service providers so that CSB could verify her compliance with the case plan and her progress on its reunification goals. Because Mother had failed to cooperate with CSB or enable it to communicate with any service providers, the agency and the trial court reasonably concluded that Mother was not complying with the requirements of the siblings' case plan.

**{¶26}** The record reveals clear and convincing evidence that Z.R.'s siblings had been adjudicated neglected and dependent based on the actions of Mother, who was her sole legal custodian at the time of her birth, and that Z.R. was at risk of parental neglect because Mother had failed to work on any of the reunification goals of the case plan for the older siblings. *See* R.C. 2151.04(D). Therefore, Mother has failed to demonstrate that the trial court's adjudication of Z.R. as a dependent child under Revised Code Section 2151.04(D) was against the manifest weight of the evidence. Mother's sixth assignment of error is overruled.

### III.

**{¶27}** Mother's second, third, fifth, and sixth assignments of error are overruled. This Court lacks jurisdiction to address the merits of her fourth assignment of error. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

CARR, J.
WHITMORE, J.
CONCUR.

APPEARANCES:

DENISE E. FERGUSON, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistnt Prosecuting Attorney, for Appellee.

TONY PAXTON, Attorney at Law, for Appellee.

JOSEPH KERNAN, Guardian ad Litem.