[Cite as *Dunham v. Ervin*, 2017-Ohio-7616.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Kimberly Dunham, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 17AP-79 |
| v. | : | (C.P.C. No. 12JU-509) |
| Shawn Ervin, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on September 14, 2017

**On brief:** *Shawn Ervin*, pro se. **Argued:** *Shawn Ervin*.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch

PER CURIAM

{¶ 1} Defendant-appellant, Shawn Ervin, appeals from a January 20, 2017 judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, denying appellant's motions to remove the magistrate and guardian ad litem ("GAL"), and overruling appellant's objections to the magistrate's order requiring the parties to pay a "trial deposit." For the following reasons, we find that the January 20, 2017 decision and judgment entry does not contain a final, appealable order, and we must dismiss the appeal.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Appellant is the biological father of plaintiff-appellee, Kimberly Dunham's, three children, L.E., born June 26, 2005, N.E., born June 7, 2007, and A.E., born September 21, 2008. Appellant and appellee are not husband and wife.

{¶ 3}   On January 13, 2012, appellee filed a complaint to establish custody, parenting time, and child support.  Appellant filed an answer and counterclaim wherein appellant admitted that an award of custody to appellee would be in A.E.'s best interest but that shared parenting would be in the best interest of the other two children.  On March 27, 2013, the parties submitted a fully executed "Joint Shared Parenting Plan," whereby the parties agreed to a shared parenting arrangement for all three children, with appellee designated as the residential parent for educational purposes.  Though guideline child support for the three children was $258.33 per month, the plan did not require appellant to pay any child support.  The juvenile court approved the plan, and on March 27, 2013, it issued a "Final Shared Parenting Decree," expressly incorporating the parties' joint shared parenting plan.  Consistent with the joint shared parenting plan, the juvenile court's March 27, 2013 "Agreed Judgment Entry" permitted a deviation from guideline support such that appellant was to pay no child support.

{¶ 4}   On April 9, 2013, appellant filed a motion for contempt against appellee alleging that appellee failed to satisfy her obligations in the final shared parenting decree.  On July 31, 2013, appellant filed a motion to modify custody.  On October 24, 2013, Magistrate Jill Matthews conducted a hearing on the motion for contempt.  As a result of the hearing, the magistrate issued a decision on January 9, 2014, recommending denial of appellant's motion for contempt.

{¶ 5}   On January 21, 2014, appellant filed objections to the magistrate's decision.  While his objections were pending, appellant filed a second motion for contempt against appellee on February 12, 2014.  On March 25, 2014, the juvenile court issued a decision overruling appellant's objections and denying appellant's motion for contempt.  On July 1, 2014, the magistrate issued an agreed judgment entry whereby the parties clarified the disputed terms of the shared parenting agreement.  As a result of the agreed judgment entry, the magistrate dismissed appellant's July 31, 2013 motion to modify custody and his February 12, 2014 motion for contempt.

{¶ 6}   On March 27, 2015, appellant filed a third motion for contempt alleging that appellee had not complied with the March 27, 2013 final shared parenting decree.  On August 11, 2015, appellant filed a motion to modify parental rights and responsibilities.  The magistrate conducted an evidentiary hearing on the motion for contempt on October

9, 2015. As a result of the hearing, the magistrate recommended denial of appellant's motion. Appellant did not file objections, and the trial court issued a judgment entry on January 26, 2016 adopting the magistrate's decision and denying appellant's motion for contempt.

{¶ 7} On October 3, 2016, appellant filed a motion for recusal and dismissal of the court-appointed GAL, attorney Stephen W. Daulton, alleging "abus[e] of immunity," "antagonizing," and "check sitting." (Mot. for Recusal at 1.) Appellant also filed on October 3, 2016 a motion seeking recusal of the magistrate, alleging numerous grounds, including "bias, prejudice, and harassment." (Mot. to Recuse at 2.) On October 7, 2016, the magistrate granted the GAL's motion requiring the parties to pay a trial deposit for his services of $2,000. On October 12, 2016, appellant filed an "Objection to Magistrate Order," wherein appellant references his pending motions to disqualify the GAL and the magistrate.

{¶ 8} On January 20, 2017, the juvenile court issued a decision and judgment entry construing appellant's objections to the magistrate's decision as a motion to set aside the magistrate's order requiring a trial deposit and denied the motion. The juvenile court also denied appellant's motion for recusal and dismissal of the GAL and appellant's motion seeking recusal of the magistrate. As a result of the juvenile court's January 20, 2017 judgment entry, appellant's August 11, 2015 motion to modify parental rights and responsibilities remained pending with the juvenile court. The motion was subsequently set for trial on August 11, 2017. However, on January 25, 2017, appellant filed a notice of appeal to this court from the January 20, 2017 decision and judgment entry.[1] Neither appellee nor the GAL filed a brief in this appeal.

## II. ASSIGNMENTS OF ERROR

{¶ 9} Appellant asserts four assignments of error as follows:

> [1.] The trial court erred in denying the defendant's motion to recuse Ste[ph]en Daulton from case number 12JU509. In the case where Ste[ph]en Daulton obviously has an agenda (conflict of interest) against the defendant.

---

[1] The notice of appeal misidentifies the date of the decision and judgment entry as January 23, 2017.

[2.] The trial court erred in denying the defendant's motion to recuse Magistrate Jill Matthews from case number 12JU509. In the case where Magistrate Jill Matthews obviously has discriminative motives against men, specifically the defendant.

[3.] The trial court erred in ruling that Magistrate Jill Matthews did not force the defendant to sign an agreement against his will. In the case where Magistrate Jill Matthews has an agenda to solicit unwarranted child support against the defendant.

[4.] The trial court erred in ruling that the defendant's objection to Magistrate Jill Matthew's motion for trial deposit for case number 12JU509 and accepted Ste[ph]en Daulton's request for dismissal of case 12JU509. In the case Magistrate Jill Matthew's motion was based completely on fraudulent activity from Ste[ph]en Daulton.

## III. FINAL, APPEALABLE ORDER

{¶ 10} Before this court may reach the merits of appellant's assignments of error, we must determine whether the juvenile court's January 20, 2017 decision and judgment entry contains a final, appealable order. "Ohio appellate courts have jurisdiction to review only final, appealable orders of lower courts within their districts." *K.B. v. Columbus*, 10th Dist. No. 14AP-315, 2014-Ohio-4027, ¶ 8, citing Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2501.02. "If an order is not a final, appealable order, the appellate court lacks jurisdiction and the appeal must be dismissed." *Id.* at ¶ 8, citing *Production Credit Assn. v. Hedges*, 87 Ohio App.3d 207 (4th Dist.1993). *See also Whipps v. Ryan*, 10th Dist. No. 12AP-509, 2013-Ohio-4334, ¶ 22, citing *Kopp v. Associated Estates Realty Corp.*, 10th Dist. No. 08AP-819, 2009-Ohio-2595, ¶ 6, citing *Whitaker-Merrell Co. v. Geupel Constr. Co.*, 29 Ohio St.2d 184, 186 (1972). Consequently, appellate courts may raise, sua sponte, the jurisdictional question of whether an order is final and appealable. *Whipps* at ¶ 22, citing *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 87 (1989); *State ex rel. White v. Cuyahoga Metro. Hous. Auth.*, 79 Ohio St.3d 543, 544 (1997).

{¶ 11} " ' "The entire concept of 'final orders' is based upon the rationale that the court making an order which is not final is thereby retaining jurisdiction for further

proceedings. A final order, therefore, is one disposing of the whole case or some separate and distinct branch thereof." ' " *Browder v. Shea*, 10th Dist. No. 04AP-1217, 2005-Ohio-4782, ¶ 10, quoting *Noble v. Colwell*, 44 Ohio St.3d 92, 94 (1989), quoting *Lantsberry v. Tilley Lamp Co.*, 27 Ohio St.2d 303, 306 (1971). A trial court order is final and appealable only if it satisfies the requirements in R.C. 2505.02 and, if applicable, Civ.R. 54(B). *Eng. Excellence, Inc. v. Northland Assocs., L.L.C.*, 10th Dist. No. 10AP-402, 2010-Ohio-6535, ¶ 10.

{¶ 12} The types of orders that constitute final orders subject to review are set forth in R.C. 2505.02, in relevant part, as follows:

> (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
>
> * * *
>
> (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment.

{¶ 13} The Supreme Court of Ohio has determined that proceedings in the juvenile division are special statutory proceedings within the meaning of R.C. 2505.02(B)(2) and that parental rights qualify as "substantial rights" for purposes of R.C. 2505.02(B)(2). *State ex rel. Fowler v. Smith*, 68 Ohio St.3d 357, 360 (1994). "An order which affects a substantial right has been perceived to be one which, if not immediately appealable, would foreclose appropriate relief in the future." *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63 (1993).

{¶ 14} In *Davis v. Lewis*, 10th Dist. No. 99AP-814 (Dec. 12, 2000), appellee/ mother filed a complaint for an allocation of parental rights and responsibilities in the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch. The record reflected no final decision from the trial court on the complaint. This court noted that the bulk of the litigation in the trial court surrounded the appointment of a GAL, payment of the GAL's fees, and appellant/father's attempts to have the GAL removed from the case.

{¶ 15} Appellant/father appealed to this court from the juvenile court's decision denying his motion to remove the GAL and finding him in contempt for failing to pay a $400 deposit for GAL fees. This court sua sponte dismissed the appeal for lack of a final, appealable order. In holding that the order appealed from was not a final, appealable order, this court stated:

> As this court noted in [*Davis v. Lewis*, 10th Dist. No. 98AP-661 (Feb. 18, 1999)], the "appointment of a guardian ad litem and order requiring a party pay a deposit for guardian ad litem fees do not fit within any of the definitions set forth in R.C. 2505.02(B)." Similarly, defendant's motion to remove the guardian ad litem, and the trial court's decision denying it, are not final appealable orders as they also do not fit within any of the definitions of a final appealable order set forth in R.C. 2505.02(B).[2]

*Davis*, 10th Dist. No. 99AP-814.

{¶ 16} In *Longo v. Longo*, 11th Dist. No. 2010-G-2998, 2011-Ohio-1297, appellant and his former wife were divorced on December 23, 2003. While custody proceedings were pending before the trial court, the trial court granted appellant's motion to appoint a GAL for the children and appointed appellee as the GAL. Appellant filed a motion to remove appellee as the GAL. The magistrate subsequently issued a decision denying appellant's motion to remove the GAL. Appellant filed objections to the magistrate's decision and a supplemental motion to remove the GAL. The trial court overruled appellant's objections to the magistrate's decision and denied the supplemental motion to remove the GAL. Appellant appealed the trial court's judgment, but the Eleventh Distict Court of Appeals dismissed the appeal for lack of a final, appealable order.

{¶ 17} Citing this court's decision in *Davis*, 10th Dist. No. 99AP-814, the Eleventh District held as follows:

> [T]he denial of appellant's motion to remove the guardian ad litem does not fall under any of the categories for being a final order pursuant to R.C. 2505.02(B). * * *
>
> [A]ppellant is attempting to appeal the denial of his motion to remove the guardian ad litem even though there are still other

---

[2] In *Davis*, 10th Dist. No. 98AP-661, this court held that the juvenile court's order appointing a GAL and requiring appellant to make a deposit for fees were not final orders.

> issues pending before the trial court. Therefore, the orders appealed from are not final and appealable.[3]

*Longo*, 2011-Ohio-1297, at ¶ 18-19.

{¶ 18} *In re Z.R.*, 9th Dist. No. 26860, 2016-Ohio-1331, is a case in which appellant/mother appealed from a judgment of the Summit County Court of Common Pleas, Juvenile Division, that adjudicated her youngest child dependent and placed her in the temporary custody of the county children services board. In appellant's fourth assignment of error, she alleged that the juvenile court erred when it denied her motion to remove the GAL for failure to perform his duties. The Ninth District Court of Appeals held that appellant's fourth assignment of error was not properly before it and refused to address the merits. In so holding, the court stated:

> Unlike the [dependency] adjudication, the trial court retains ongoing authority to change the guardian ad litem assigned to the case. *See* R.C. 2151.281. The trial court's denial of a motion to remove a guardian ad litem, in and of itself, does not affect a party's substantial right because the trial court retains authority to change that order and it can be appealed after final judgment. *See King v. Craig*, 9th Dist. Medina No. 12CA0060-M, 2013-Ohio-3070, ¶ 6, citing *Longo v. Longo*, 11th Dist. Geauga No. 2010-G-2998, 2011-Ohio-1297, ¶ 19. Therefore, the trial court's denial of Mother's motion to remove the guardian it is not appealable at this time.

*Id.* at ¶ 18.

{¶ 19} In *King v. Craig*, 9th Dist. No. 12CA0060-M, 2013-Ohio-3070, the trial court appointed a GAL in anticipation of issues related to parenting time that would arise following the parties' final decree of divorce. After the trial court disposed of the issues precipitating the appointment of the GAL, the court elected to retain the GAL's services and issued an order requiring the father to make a deposit to cover future services by the GAL. Father moved the juvenile court to remove the GAL. When the juvenile court denied the motion, the father appealed.

---

[3] The outstanding disputed issues included child custody. *Longo v. Longo*, 11th Dist. No. 2013-G-3175, 2014-Ohio-4880, ¶ 5. Appellee/mother subsequently appealed from the trial court order requiring her to pay GAL fees. *Id.* at ¶ 19.

{¶ 20} In determining whether the trial court order denying the father's motion to remove the GAL was a final, appealable order, the Ninth District Court of Appeals acknowledged that this court's decision in *Davis*, 10th Dist. No. 99AP-814, and the Eleventh District Court of Appeals' decision in *Longo*, 2011-Ohio-1297, determined that the denial of a motion to remove a GAL "before judgment is entered in the underlying dispute * * * is not final and appealable because the appellant can obtain appropriate relief in an appeal from final judgment." *King* at ¶ 6. However, in holding that the instant trial court order was a final, appealable order, the court set forth its reasoning as follows:

> At this point in the case, the guardian's appointment is ongoing and is not tied to the resolution of any outstanding post-decree motions. There is no forthcoming final judgment from which Mr. King could appeal that would afford him relief with respect to the denial of his motion to remove the guardian ad litem. In this situation, the denial of the motion "affects a substantial right * * * in a special proceeding," and it is final and appealable at this time. R.C. 2505.02(B)(2).

*Id.*

{¶ 21} Applying the reasoning in *Davis*, 10th Dist. No. 99AP-814, *Longo*, 2011-Ohio-1297, and *In re Z.R.* to this appeal requires the conclusion that the January 20, 2017 decision is not a final, appealable order with regard to the juvenile court's denial of appellant's motion to remove the GAL and motion to set aside the magistrate's order regarding the trial deposit. Because appellant's motion to modify parental rights and responsibilities remains pending in the juvenile court, appellant will have an opportunity to seek review of the juvenile court's decision regarding these issues following the juvenile court's decision on his pending motion. Under such circumstances, the denial of the motion does not affect a substantial right in a special proceeding and is not final and appealable under R.C. 2505.02(B)(2). *Davis*, 10th Dist. No. 99AP-814; *Longo*, 2011-Ohio-1297; *In re Z.R.*; *King*.

{¶ 22} As the trial court noted in its January 20, 2017 decision, the GAL has yet to issue a final report in this matter and "the magistrate has discretion to issue orders contrary to the GAL's recommendation." (Jan. 20, 2017 Decision at 17.) If appellant prevails on the custody issues at trial, there will be no need for this court to pass on the merits of the juvenile court's denial of appellant's motion to remove the GAL. For these

reasons, we find that appellant's first and fourth assignments of error are not properly before this court.

{¶ 23} For similar reasons, we find that the juvenile court's order denying appellant's motion to disqualify the magistrate is not a final, appealable order. Ohio appellate courts that have considered the issue have held that a trial court's denial of a motion to remove a magistrate is not a final, appealable order under R.C. 2505.02 where there are still other issues pending in the trial court. *See, e.g., Aloi v. Enervest*, 11th Dist. No. 2011-P-0023, 2011-Ohio-5112, ¶ 3 ("judgment entry overruling the motion to recuse a common pleas judge and disqualify a magistrate is not a final appealable order"); *Abbas v. Abbas*, 6th Dist. No. WD-00-015 (Mar. 10, 2000) (denial of a motion to disqualify a magistrate is not a final, appealable order); *Robinson v. Prudential Ins.*, 5th Dist. No. 1998CA00058 (Jan. 19, 1999) (denial of a motion to disqualify a magistrate is not a final, appealable order). *See also In re Kimbler*, 44 Ohio App.3d 9 (9th Dist.1988) (a ruling by a common pleas judge, made pursuant to the disqualification statute, R.C. 2937.20, is not a final, appealable order).

{¶ 24} The "primary purpose of requiring a final, appealable order before allowing an appellate challenge is to prevent piecemeal appeals from every interlocutory order throughout the case." *In re T.P.*, 9th Dist. No. 27539, 2015-Ohio-3448, ¶ 27, citing *In re T.G.*, 12th Dist. No. CA2008-01-026, 2008-Ohio-4165, ¶ 14. As set out above, appellant's motion to modify parental rights and responsibilities remains pending in the juvenile court. The motion has been set for trial, discovery is ongoing, and a motion to compel discovery has been filed. Following the trial of appellant's motion to the magistrate, appellant will have an opportunity to file objections to the magistrate's decision if he does not prevail and to file an appeal to this court from the juvenile court's decision should his objections be overruled. Thus, appellant will have every opportunity to obtain the relief he seeks in his second and third assignments of error following an adverse decision on his pending motion to modify parental rights and responsibilities. For this reason, we find that appellant's second and third assignments of error are not properly before this court.

## IV.  CONCLUSION

{¶ 25}  Having determined that the January 20, 2017 decision and judgment entry does not contain a final, appealable order, we herby dismiss appellant's appeal for lack of jurisdiction.

*Appeal dismissed.*

SADLER, KLATT, and HORTON, JJ., concur.

_____