**[Cite as *In re N.F.*, 2018-Ohio-4907.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

In re N.F.

Court of Appeals No. S-18-007

Trial Court No. 21730218

**DECISION AND JUDGMENT**

Decided:  December 7, 2018

* * * * *

Matthew A. Craig, for appellant.

Dean E. Ross, for appellee.

* * * * *

**JENSEN, J.**

## I.  Introduction

**{¶ 1}** This is an appeal from the judgment of the Sandusky County Court of Common Pleas, Juvenile Division, granting temporary custody of N.F. to her maternal grandmother and placing her under the protective supervision of appellee, the Sandusky County Department of Job and Family Services ("JFS").

## A. Facts and Procedural Background

{¶ 2} On September 21, 2017, JFS filed a complaint with the juvenile court, alleging that N.F., who was seven years old at the time, was a neglected and dependent child.[1] Appellant, C.F., is N.F.'s father. The complaint went on to state the facts upon which JFS's allegations of dependency and neglect were based. These facts are not in dispute.

{¶ 3} On July 24, 2017, JFS opened an investigation into allegations that illicit drugs were accessible to N.F. The following day, JFS spoke to N.F.'s mother, L.M., on the telephone. L.M. was N.F.'s custodial parent at the time. JFS followed up the phone call with a home visit two days later. During the home visit, L.M. acknowledged that there was marijuana in her eight-month-old son's pack and play. L.M. admitted that she used marijuana, but denied any other substance abuse. At the time of the home visit, L.M. refused to submit to a drug screening.

{¶ 4} As the investigation continued, JFS was informed that N.F. was present during a domestic violence incident in which appellant "burned his girlfriend with a blow torch over a meth pipe." Further, JFS received a report that L.M. was snorting Xanax.

{¶ 5} On August 31, 2017, JFS met with L.M. to discuss placement options for the children due to substance abuse concerns and L.M.'s lack of cooperation. L.M. suggested that N.F. be placed with the maternal grandmother, G.J., and signed a safety

---

[1] The complaint also addresses N.F.'s younger siblings, V.M. and E.M., whose custody is not at issue in this appeal.

2.

plan to that effect. Three weeks later, JFS filed the aforementioned complaint, seeking protective supervision of N.F. and a grant of temporary custody to G.J.

{¶ 6} On October 10, 2017, appellant appeared before a magistrate for an initial hearing on JFS's complaint. At the hearing, the magistrate ordered that N.F. be placed under the protective supervision of JFS and in G.J.'s temporary custody. Appellant consented to this order. The magistrate then set the matter for an adjudicatory hearing.

{¶ 7} Nine days after the initial hearing, JFS filed its case plan with the juvenile court. The case plan indicated that appellant had a history of substance abuse and domestic violence. Therefore, under the terms of the case plan, appellant was required to be "drug and alcohol free 100% of the time" and "have no further law enforcement involvement." Appellant was directed to provide negative drug screens, and was informed that "[a]ll no shows/dilutes will be considered positive screens."

{¶ 8} On November 17, 2017, the court conducted an adjudicatory hearing, at which appellant consented to a finding that N.F. was dependent. The court found N.F. to be dependent, and concluded that JFS had made reasonable efforts to prevent N.F.'s removal from L.M.'s home. The court ordered that N.F. remain in G.J.'s interim temporary custody and JFS's interim protective supervision pending a dispositional hearing on the matter.

{¶ 9} The dispositional hearing was held on December 15, 2017. Once again, appellant consented to the court's placement of N.F. into the temporary custody of G.J. However, appellant objected to the terms of his case plan. Specifically, appellant

3.

objected to the requirement that he not consume alcohol and have no further involvement with law enforcement. Appellant also objected to JFS treating diluted drug screens and failure to provide drug screens as positive screens.

{¶ 10} In her decision following the dispositional hearing, the magistrate found that retaining these case plan requirements was in N.F.'s best interest, and overruled appellant's objections. As to the prohibition on alcohol use, the magistrate found that the restriction was supported by appellant's history of substance abuse, which included methamphetamine, cocaine, heroin, opioids, and marijuana. Although alcohol abuse was not part of appellant's documented substance abuse history, the magistrate found that JFS was legitimately concerned that appellant would use alcohol as a substitute for illicit substances, which would not be in N.F.'s best interest.

{¶ 11} The court went on to find that the case plan provision prohibiting any further law enforcement involvement was appropriate in light of appellant's criminal history and alleged temper issues.

{¶ 12} Finally, the court concluded that JFS was justified in presuming positive screenings where appellant diluted his drug screening or failed to submit a drug screen. The court found that this presumption was customary and necessary to deter drug screen tampering. In addition, the court found that JFS's presumption did not prevent appellant from challenging the accuracy of a test or providing a legitimate excuse for failing to submit a drug screen.

4.

{¶ 13} On January 5, 2018, appellant filed his objections to the magistrate's decision, in which he took issue with the magistrate's findings concerning the case plan requirements that he remain alcohol-free, have no involvement with law enforcement, and suffer a positive drug screen determination in the event he dilutes his specimen or fails to appear for a drug screen. Upon consideration of appellant's objections, the trial court determined that the magistrate properly found that the challenged case plan requirements were in N.F.'s best interest. Consequently, the trial court denied appellant's objections to the magistrate's decision, thereby upholding the magistrate's decision. The trial court did not enter a separate judgment entry addressing N.F.'s dependency and temporary custody at this time.

{¶ 14} Thereafter, appellant filed a timely notice of appeal. On April 5, 2018, we remanded the appeal to the trial court for the preparation of a judgment entry that complied with Juv.R. 40 by finding that N.F. was a dependent child and awarding temporary custody of N.F. to G.J. The trial court entered a compliant judgment entry two months later, at which point we reinstated the appeal.

## B. Assignments of Error

{¶ 15} On appeal, appellant asserts the following errors for our review:

> I. The trial court abused its discretion by adopting case plan provisions/requirements not supported by the evidence presented at the dispositional hearing.

II.  The trial court abused its discretion and unduly impinged upon appellant's liberty by prohibiting appellant from consuming alcohol without any evidence to justify the prohibition.

III.  The trial court abused its discretion in explicitly prohibiting father from law enforcement involvement because said prohibition is overbroad.

## II.  Analysis

{¶ 16} In appellant's assignments of error, he argues that the trial court erred in denying his objections to the aforementioned provisions of his case plan.  Prior to addressing the merits of appellant's argument, we must determine whether this issue is appropriately before us.

{¶ 17} According to the state, the arguments raised by appellant are not subject to our review because the trial court's journalization of the case plan is not a final and appealable order.  The state contends that the terms of appellant's case plan, being subject to change at any time upon the filing of a timely request by appellant under R.C. 2151.412(F)(2)(a), are not within the purview of this court's appellate jurisdiction.  Appellant responds by noting that orders that adjudicate a child dependent and award temporary custody of the child have been held to be final, appealable orders.  *See In re Murray*, 52 Ohio St.3d 155, 161, 556 N.E.2d 1169 (1990) (holding that "an adjudication that a child is neglected or dependent, followed by a disposition awarding temporary custody to a public children services agency pursuant to R.C. 2151.353(A)(2) constitutes

6.

a 'final order' for purposes of R.C. 2505.02 and is appealable to the court of appeals pursuant to R.C. 2501.02").

{¶ 18} In *In re B.M.*, 9th Dist. Wayne Nos. 12CA0009, 12CA0010, 12CA0011, and 12CA0012, 2012-Ohio-4093, the Ninth District examined whether it had jurisdiction to review the juvenile court's order directing the children's mother to obtain a psychological evaluation, which was part of the court's decision that found the children to be dependent and placed the children in the temporary custody of the Wayne County Children Services Board. After recognizing that the juvenile court's order was generally final and appealable under *Murray*, *supra*, with regard to issues pertaining to the finding of dependency and the award of temporary custody, the court found that "other orders that do not pertain to those final aspects are not [final and appealable], as they have not yet determined the action or affected the substantial rights of the parties." *Id.* at ¶ 23, citing *Smith v. Williams*, 10th Dist. Franklin No. 09AP-732, 2010-Ohio-1381. The court found that it lacked jurisdiction over the issue raised by mother, pertaining to the case plan requirement that she obtain a psychological evaluation, because the imposition of that case plan requirement did not affect mother's substantial rights or determine the action. *Id.* at ¶ 24.

{¶ 19} Four years after *B.M.* was decided, the Ninth District once again visited the issue before us in *In re Z.R.*, 9th Dist. Summit No. 26860, 2016-Ohio-1331. There, the court found that it lacked jurisdiction to review mother's argument that the trial court erred by refusing to discharge a guardian ad litem in its order adjudicating Z.R. a

7.

dependent child and placing her in the temporary custody of the Summit County Children Services Board. *Id.* at ¶ 18. In so finding, the court noted that the juvenile court's denial of a motion to remove a guardian ad litem does not affect a party's substantial right because the court retains the authority to change its order and that order may be appealed after final judgment. *Id.* Notably, the court determined that mother did not argue that the juvenile court's failure to remove the guardian ad litem affected the adjudication and disposition of Z.R. *Id.* at ¶ 17.

{¶ 20} As was true in the foregoing cases, the arguments raised in appellant's assignments of error concern the juvenile court's adoption of certain case plan requirements, which may be modified at any time prior to a final judgment under R.C. 2151.412(F)(2)(a). These case plan requirements had no impact on the trial court's dependency finding or its award of temporary custody, as these judgments were entered into with appellant's consent. Thus, we find that we lack jurisdiction to review the juvenile court's journalization of the challenged case plan requirements, and we do not reach the merits of appellant's arguments.

### III. Conclusion

{¶ 21} Having concluded that we lack jurisdiction over the issues raised by appellant in his assignments of error, we hereby dismiss the appeal. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Appeal dismissed.

8.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.         _____
JUDGE

Thomas J. Osowik, J.

_____

James D. Jensen, J.                JUDGE
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.